CHAMBERS *v.* THE MAYOR AND COUNCIL OF BARNESVILLE.

A statutory provision that the Mayor and Council of Barnesville "shall have the power and authority to regulate and control the sale in Barnesville of spirituous and malt liquors, wine and ciders, for medicinal, mechanical and sacramental purposes only," may properly be construed as conferring upon the mayor and council the power to restrict and limit sales to these purposes, and to that end to pass and enforce an ordinance prohibiting sales for any other purpose, although sales of the latter kind are already prohibited by statute. Acts of 1889, p. 1368. Thus construed, the mayor and council could adopt by ordinance a dispensary system, and as means of regulation and control, prohibit under a penalty any sale by a person other than the keeper of a dispensary. There being no ordinance in the record, and no complaint that a sufficient ordinance, if the mayor and council had power to pass it, did not exist, the court will presume that such ordinance did exist.　　　　　*Judgment affirmed.*

August 1, 1892.

Municipal corporation. Liquor. Before Judge BOYNTON. Pike superior court. October term, 1891.

Chambers was tried before the mayor of Barnesville, the summons in the case charging him " with selling spirituous and malt liquors, wines and beer, the said defendant not being the keeper of a dispensary within the corporate limits of the town of Barnesville on the 13th day of December, 1890." He was found guilty, and took an appeal to the mayor and council. He was again found guilty, and took his cause by *certiorari* to the superior court, which court sustained the decision of the mayor and council. To this ruling Chambers excepted. One of the errors alleged in the petition for *certiorari* was, that when the case came on for trial on appeal (there having been a previous *certiorari* from a former conviction by the council on appeal and a new trial having been ordered), the defendant demurred to the summons and moved to dismiss the case, because the mayor and council had no jurisdiction to try the offence charged, the same being a crime under the laws of the

State, and it being therefore unconstitutional for the municipal government to legislate upon or try the same offence; which demurrer was overruled. The only other allegation of error in the petition for *certiorari* was, that the verdict and judgment of the council were contrary to law, evidence, the weight of evidence, and without evidence. The evidence was conflicting.

S. N. WOODWARD, for plaintiff in error.

J. J, ROGERS, *contra*.

