CITY OF BARNESVILLE *et al.* v. MURPHEY *et al.*, and *vice versa.*

113  779
116  290
116  296
113  779
117  440

1. Under a legislative provision declaring that the municipal authorities of a named city "shall have the power and authority to regulate and control the sale [therein] of spirituous and malt liquors, wine, and ciders, for medicinal, mechanical, and sacramental purposes only," such authorities have no power to embark the city upon its own account in the business of buying and selling spirituous or other liquors.
2. When any decision rendered by a trial court is under review here and is to be passed upon by the "court as a whole," and the six Justices are evenly divided in opinion, such decision stands affirmed by operation of law.

Argued April 10, — Decided July 18, 1901.

Injunction.   Before Judge Reagan. Pike superior court. March 4, 1901.

*W. W. Lambdin,* for City of Barnesville et al.
*A. A. Murphey* and *C. J. Lester,* contra.

LUMPKIN, P. J.   Certain citizens and taxpayers of the City of Barnesville brought against the municipal authorities thereof an equitable petition to enjoin them from further operating a dispensary for the sale of spirituous and other intoxicating liquors, which they had for several years been conducting in the name and behalf of the city, and also from paying bills amounting to several thousand dollars, which divers persons claimed were due to them for liquors sold and delivered to the city and used in conducting the dispensary.   The liquor-dealers holding the claims just mentioned were, by amendment, made parties defendant.   They and the municipal authorities set up by way of defense that the dispensary had been

legally established and operated, and that the claims in question constituted a valid and binding indebtedness of the city, and therefore should be paid.    At the interlocutory hearing there was evidence tending to show that money to the aggregate amount of the liquor bills above referred to, which had been derived from the sale of liquors furnished by these dealers, was used in paying off and discharging legitimate demands against the municipality.    The judge rendered a decision granting an injunction restraining the further operation of the dispensary, but refusing to enjoin the payment of the alleged indebtedness.    The municipal authorities excepted to so much of the decision as granted the injunction against them, and the plaintiffs excepted to the refusal of the judge to enjoin the municipal authorities from paying the claims of the liquor-dealers.

1. All of us agree that the judge was right in enjoining the further operation of the dispensary.    The only legislation upon which the municipal authorities based their alleged right to carry on a dispensary is embraced in the second section of the act of October 29, 1889, which declares that "the Mayor and Council of Barnesville shall have the power and authority to regulate and control the sale in Barnesville of spirituous and malt liquors, wine, and ciders, for medicinal, mechanical, and sacramental purposes only."    Acts of 1889, p. 1369.    We hold without hesitation or difficulty that this statutory provision did not confer upon the Mayor and Council of Barnesville any right whatever to embark the municipality in the business of buying and selling liquors.    At most, their only power thereunder was to authorize an individual or individuals, on his or their own account, to open and conduct a dispensary under municipal regulation.    The question in hand is controlled by the decision which this court rendered in the case of Mayor of Leesburg v. Putnam, 103 Ga. 110, in which it was held that express legislative authority was requisite to the lawful establishment and conduct of a liquor dispensary by municipal authorities.    On pages 114–15, Mr. Justice Cobb cited the case of Chambers v. Barnesville, 89 Ga. 739, and pointed out the distinction between the ruling therein made and the decision rendered in the Putnam case.    Referring to the Chambers case, he said: "The right of the city authorities to operate a dispensary directly was not involved in that case, and it does not appear from the record that the dispensary was operated directly by the city.    The sole question involved was whether, if the

City of Barnesville had established a lawful dispensary, they could prohibit by ordinance, under a penalty, the sale of liquors by persons other than those whom they placed in charge of the dispensary." The ruling in the *Putnam* case was cited approvingly by Mr. Justice Lewis in *Plumb* v. *Christie*, 103 *Ga.* 698, and its correctness was also fully recognized in the case of *Henderson* v. *Heyward*, 109 *Ga.* 378.

2. The six Justices of this court are evenly divided in opinion as to whether or not the trial judge erred in refusing to enjoin the municipal authorities of Barnesville from paying the claims of the liquor-dealers. This being so, and the case being for decision by the court as a whole, the judgment of the court below on this point stands affirmed by operation of law.

*Judgment on both bills of exceptions affirmed.*