### 734.  FOUNTAIN *v.* CITY OF FITZGERALD.

There was no error in refusing to sanction the petition for certiorari.

(*a*) That a charge that the defendant pointed a gun at another is included as one of the acts constituting the offense of disorderly conduct under a city ordinance does not subject such accusation to the objection that an offense of which the State has jurisdiction is charged, and that the municipal court is for that reason without jurisdiction.

(*b*) In an affidavit in which it is alleged that the defendant committed the offense of disorderly conduct by fighting, cursing, using profane language, pointing a gun at one Bullard to intimidate said Bullard, and generally conducting himself in a tumultuous, riotous manner on the streets of Fitzgerald, Georgia, the statement that the defendant pointed a gun may properly be included, to authorize proof that the defendant acted in a disorderly manner, without in any way affecting the guilt or innocence of the defendant of the offense of pointing a weapon at another, under the terms of the Penal Code, § 343.

(*c*) The demurrer to the accusation was also properly overruled for the reason that the language used with reference to pointing the gun was not sufficient to set forth a violation of the Penal Code, § 343, and for that reason could neither create conflict between the authority of the State and the municipal courts, nor put the defendant twice in jeopardy.

Certiorari, from Ben Hill superior court—Judge Whipple. August 22, 1907.

Submitted October 9,—Decided October 22, 1907.

O. H. Elkins and McDonald & Quincey, for plaintiff in error.

E. W. Ryman, contra.

RUSSELL, J. The plaintiff in error was found guilty of disorderly conduct, by the mayor of Fitzgerald. He then presented a petition for certiorari to the judge of the superior court, who refused to sanction the petition. The order of the judge, refusing the issuance of the writ of certiorari, is excepted to. The accusation (or rather the affidavit which seems to have taken the place of an accusation) alleged that "Charles Fountain did, on the 3d day of August, 1907, within the limits of the city of Fitzgerald, commit the offense of disorderly conduct, by fighting, cursing, using profane language, pointing a gun at one Bullard, to intimidate said Bullard, and generally conducting himself in a tumultuous, riotous manner on the streets of Fitzgerald, Georgia, contrary to the good order of the said city of Fitzgerald.". The defendant demurred to the accusation, insisting that the portion charging him with pointing a weapon at said Bullard set forth no offense against the city ordinances, and that the defendant can not be tried for the same by the mayor, nor fined for the same, for that it sets forth an offense against the laws of the State of Georgia; and secondly, that the allegation that the acts were to intimidate said Bullard constitutes no offense against the city laws. The defendant also moved to strike that part of the accusation which charged Charles Fountain with pointing a gun, upon the ground that the same was a State offense. And that part of the accusation which charged him with conducting himself in a tumultuous and riotous manner he moved to strike, because it was not specific enough to put the defendant on notice of what he was charged with. Both the demurrer and the motion to strike were overruled in the mayor's court. The evidence in behalf of the city established the charge as laid in the accusation, though some of the acts alleged were contradicted by testimony in behalf of the defendant.

We find no error in the judgment of the judge of the superior court in refusing to sanction the certiorari. The errors alleged

by the defendant, in his petition for certiorari, are: **(1) that the** court erred in overruling the motion to strike certain parts of the accusation; (2) that the court erred in overruling the demurrer; (3) that the finding and judgment are contrary to law, contrary to the evidence, and without evidence to support them. The motion to strike and the demurrer may be considered together. Thus considered, three objections were made to the accusation: (1) that the offense was not cognizable by the mayor's court of Fitzgerald, because it charged an offense against the laws of the State, the city could not proceed against him, and the ordinance would be void; (2) that the allegation that the acts were to intimidate Bullard constituted no offense against the city laws; (3) that the charge that defendant conducted himself in a tumultuous and riotous manner is not sufficiently specific.

The charge made against the defendant was disorderly conduct, and the reference in the accusation to the pointing of a gun does not charge that as a separate offense, but is merely a part of the description of how the offense of disorderly conduct was committed; nor was there any attempt in the accusation to charge more than the one offense of disorderly conduct. Proof of the same act may supply the basis for a prosecution by both municipal and State authorities, and yet the offense may not be the same. An illustration of this is found in the ordinances of many cities in this State which affix penalties to the keeping of intoxicating liquors for sale, though the only evidence of the violation of the city ordinance—the only proof that the liquor was kept for sale—ofttimes is testimony showing a sale. It is true that a municipality, without an express and specific legislative grant of authority, can not deal with any criminal offense which is the subject-matter of the penal statutes of the State. But while a municipal court could not try A. B. for murder, it could try A. B. for disorderly conduct in murdering C. D., if, in murdering C. D., A. B. disturbed the public peace and tranquility. A safe test to apply is whether the language of the municipal ordinance and that of the accusation drawn in pursuance thereof contain the same essentials for the creation of a criminal act as the penal statutes of the State. Judged by this standard the statement that the defendant pointed a gun at Bullard to intimidate him would not sufficiently charge the offense defined in the Penal Code, §343. The fact

that a charge that a defendant pointed a gun at another is included, as one of the acts committed by the defendant, which, considered together, constituted the offense of disorderly conduct under the terms of a city ordinance, will not subject the accusation for disorderly conduct to the objection that an offense against the State, of which the municipal court has no jurisdiction, has been charged.

Nor is there any merit in the second ground of the demurrrer, when considered (as it must be for the purposes of the demurrer) in connection with the accusation. Whether a gun or a stick was used, the intimidation of a citizen, in the peace of the State, by the defendant would properly come within the definition of disorderly conduct. And it is only in the description of the acts constituting the disorderly conduct on the part of the defendant that the language employed is used. The same may be stated of the objection that the accusation that the defendant acted in a tumultuous and riotous manner is not sufficiently specific. Even if it is not specific enough to authorize conviction when considered alone, it is immaterial when considered in connection with the other descriptive averments of the defendant's alleged disorderly conduct; and therefore the error, if any, in failing to strike it would be immaterial and harmless.

It is insisted that there was no proof of a proper ordinance of the City of Fitzgerald on the subject of disorderly conduct. If there was no such ordinance it would devolve upon the defendant to show that fact. In *Chambers* v. *Barnesville*, 89 *Ga.* 739 (15 S. E. 634), it was held: "There being no ordinance in the record, and no complaint that a sufficient ordinance, if the mayor and council had power to pass it, did not exist, the court will presume that such ordinance did exist." When it was alleged that the defendant committed the offense of disorderly conduct, in the absence of proof to the contrary the court would presume the passage of a legal ordinance defining, forbidding, and punishing disorderly conduct; and, in connection with the other statements in the accusation, the averment that the defendant pointed a gun, as has already been stated, may properly be included, to authorize proof that the defendant acted in a disorderly manner, without in any way affecting the guilt or innocence of the defendant of the offense of pointing a weapon at another, in the terms of the Penal Code,

§ 343. In the present case, under the accusation now under consideration, the proof would be limited to whether the defendant pointed a gun at Bullard, and to whether such pointing was for the purpose of intimidating Bullard, and whether such intimidation was, under the circumstances, disorderly conduct. As already intimated, however, the allegation with reference to the gun, contained in this accusation, falls far short of what would be required to be stated in an indictment against the defendant for pointing a weapon at another in the terms of the Penal Code, § 343. For that reason the accusation in the city court could neither create a conflict between the authorities of the State and the municipal courts, nor put the defendant twice in jeopardy.

It was insisted that the finding of the mayor was contrary to the evidence; and two points were urged. It was insisted, in the first place, that there was failure to prove the venue. Though not personally fully concurring in the strictness of the Supreme Court upon the subject of venue, as evidenced in the *Gosha* case, 56 *Ga.* 36, the *Futch* case, 90 *Ga.* 472 (16 S. E. 102), the *Cooper* case, 106 *Ga.* 119 (32 S. E. 23), and various other cases which might be cited, this court has, more than once, followed these decisions, as we are bound to do, in all their strictness; and if this were a case in which it were necessary to prove that the offense was committed in a definite county, in order to give the court jurisdiction, we would be bound by the decisions before cited, and especially the *Cooper* case. But inasmuch as the mayor's court of the City of Fitzgerald is confined, as to its jurisdiction, to the limits of the city, and the testimony of one of the witnesses establishes unequivocally the fact that the defendant was at a certain place "in this city on the corner of Pine and Sherman streets," there is no trouble whatever about the venue. It is true that the witness and the father of the defendant went a few feet away to hold a conference; and, as held in the *Gosha* case, supra, this might leave the inference that they even in that short distance went outside of the city limits. But the defendant, who, according to the testimony, was talking and cursing in a loud tone of voice, and attempting, apparently, to get an excuse to shoot the witness, did not move from the spot which was fixed in the testimony as being in the city of Fitzgerald.

The point is also made that the testimony described the date

of the offense as August 3, without fixing the year. The language employed by the witness, as all other language, should be given a reasonable intendment. No point was made before the lower court that the evidence showed that the offense, if any, was barred by the statute of limitations, or that it was committed after the accusation. The warrant was sworn out the 5th of August, 1907. From all of the evidence it appears that the transaction was recent; that the difficulty started the previous Saturday afternoon, about some costs due for the arrest of a negro. It was plain, from the testimony, that the origin of the difficulty was in 1907; and consequently no other inference can be entertained than that when the difficulty itself was testified to have occurred on August 3, it meant August 3, 1907.                    *Judgment affirmed.*