856.   SUTTON *v.* MAYOR & COUNCIL OF WASHINGTON.

1. That a municipal court has previously tried a case, which, upon the sustaining of a certiorari, has been returned for another trial, is no ground of disqualification on the part of the members of that court from again trying the case.
2. A plea of former jeopardy, filed in a municipal court, upon the ground that the accused has been previously acquitted or convicted upon a charge of violating the penal laws of the State, may properly be stricken, although the identical transaction is involved in both cases. The act may or may not be a violation of a State law, but may be an infraction of that duty of preserving the public peace and good order enjoined by a municipal ordinance.
3. The validity of a municipal ordinance can not be questioned in a higher court unless the ordinance be first attacked in the lower court.

Certiorari, from Wilkes superior court—Judge Worley. November 7, 1907.

Submitted January 13,—Decided March 16, 1908.

*F. H. Colley, I. T. Irvin Jr.,* for plaintiff in error.
*William Wynne, J. M. Pitner, R. C. Norman,* contra.

RUSSELL, J.  Joe Sutton was convicted by the Mayor and Council of Washington, of keeping intoxicating liquors for sale in said city.  In his bill of exceptions the judgment of the judge of the superior court, in overruling and dismissing his petition for certiorari, is assigned to be erroneous, upon three grounds: (1) Because the mayor and council were disqualified from hearing and deciding petitioner's case. (2) Because his plea of autrefois acquit was erroneously stricken. (3) Because the judgment of guilty, rendered by the mayor and council against him, was unsupported by the facts and the law, and because the ordinance upon which he was convicted was invalid.

1.  The fact that the mayor pro tem and the city council of Washington had previously passed upon the case did not disqualify them from again trying it, after the certiorari was sustained and it had been returned for a second trial.  A trial before the mayor and council of a municipality is not analogous to a jury trial.  Although the defendant can not claim a jury trial in a municipal court, such a trial is more similar to a trial upon both law and facts before the judge, where a jury is not demanded. It was held in *Holliman* v. *Hawkinsville*, 109 *Ga.* 107 (34 S. E. 214), that the mayor is disqualified, under the provisions of §4045 of the Civil Code, from taking any part in the trial of an appeal to the city council of a case in which he presided as mayor.  The reason for this is apparent.  His judgment is the subject-matter of review, and the case comes within the express provisions of §4045.  But should a case, upon petition for certiorari, be returned to any inferior judicatory, the mere fact that the lower court has heretofore passed upon the case is no ground of disqualification.  The proceeding is one de novo.  No matter what may have been the prior decision of the lower court, a new trial which has been ordered in the judgment on the certiorari is not to be considered as a review of the former trial.  To hold otherwise would be to disqualify any judge who has once heard a case and presided therein.  And in a case like the present, if the city council, having once heard the case, should be disqualified from again hearing it, it might be impossible (for a long period at least) to again bring the defendant to trial.

These are the views of the majority of the court upon this point; and they seem to be supported by authority. Personally, the writer confesses that he is rather convinced against his will, and yields his individual opinion with some misgivings, only because in the case now under consideration no other conclusion could have been reached, under the evidence submitted, than that the defendant is guilty, as charged. To my mind a trial before a city council partakes in some respects of the nature of a trial before a jury; and unquestionably a jury which has once passed upon the facts of a case is disqualified from again considering the same case. It has been held that equity has jurisdiction in a civil case where the mayor and council are disqualified; and this seems to me to be a recognition of the principle that they would likewise be disqualified in a criminal case. There being, however, no substitute provided by law for the council, even if disqualified, in a criminal case, the evil of sustaining a conviction clearly demanded by the evidence seems to me to be less than that of discharging a violator of the law who has clearly been shown to be guilty.

2. There was no error in striking the plea of autrefois acquit filed by the defendant. The fact that he had been previously acquitted in the city court of Washington of the offense of selling intoxicating liquor, although the charge in that case was for selling it to Fanning, who testified before the mayor and council to the same sales embraced in the charge in the city court, and that were there testified to by him, was not sufficient to support a plea of autrefois acquit. The same act may constitute an offense both against the Penal Code of the State and against an ordinance of a municipal corporation, and both may punish for it without violating any constitutional principle. In such a case, "punishment for the same *act* is not necessarily punishment for the same *offense*," because, "when committed in a city, and when of that class of acts which tend to disturb the local health, peace and good order, and which therefore fall properly within the scope of municipal jurisdiction, an act punishable by the general law may, because of its more serious consequences in a city than elsewhere, constitute an additional offense, punishable by a municipal by-law and as an offense against the city." *Hood* v. *Von Glahn*, 88 *Ga.* 405 (14 S. E. 564). See also *Fountain* v. *Fitzgerald*, 2 *Ga. App.* 713 (58 S. E. 1129). This principle is recognized in all of the

ordinances with reference to keeping liquor for sale in towns and cities, in counties where by law the sale of liquor is prohibited. The place where the liquor is kept for sale is a distinct element entering into the offense, and making it a different offense from the sale of liquor itself. It might well be conceded to be far less detrimental to the public peace and good order to keep liquor for sale in a remote and sparsely settled section of a county than in a portion of a town or city where the idle are wont to assemble in numbers and are more likely to create disturbance.

If the defendant had been convicted in the city court of Washington, instead of having been acquitted, this very difference to which we have alluded would have rendered a plea of autrefois convict valueless as a defense; and the value of a plea of autrefois acquit can very well be tested by estimating the legal effect of a plea of autrefois convict upon an opposite finding from that rendered. The "same-transaction test" is applicable only in courts of the same jurisdiction; and while it is possible for the legislature, by express grant, to confer upon municipal courts the right to punish for violation of the penal laws of the State, ordinarily they are not clothed with such power. For this reason the same-transaction test can not be applied to a judgment based upon a municipal ordinance, and a judgment of guilty in the city court; and a plea in bar in either court, based upon the fact that the transaction for which the defendant has already been tried in one court or the other is identical in fact with that upon which he is again about to be tried, affords no ground of defense. A conviction in a mayor's court, under a municipal ordinance for disturbing the peace, will not protect the accused from a subsequent prosecution in the State court for assault and battery, even though the identical transaction be involved in both cases. Nor will an acquittal in a State court on a charge of assault and battery protect the accused from a subsequent prosecution for disorderly conduct, under a municipal ordinance. *DeGraffenreid* v. *State,* 72 *Ga.* 212; *McRea* v. *Mayor,* 59 *Ga.* 169 (27 Am. R. 390). It has also been held that a conviction in the mayor's court, under an ordinance forbidding the retailers of spirituous liquors to allow persons to assemble at their places of business on Sunday, is not a bar to a subsequent prosecution for keeping open a tippling-house on the Sabbath. *Purdy* v. *State,* 68 *Ga.* 295. As said by Judge Bleckley in

3

*McRea* v. *Mayor,* supra, "In the trial had before the State tribunal,
. . the prisoner's conduct was compared with the general penal
code of the State, and was found not to be violative of that code.
In the trial before the mayor, the same conduct was compared with
the city ordinances of Americus. . . Disorderly conduct in
fighting may include an assault and battery by the particular party
to the fight who happens to be on trial, or it may not. In this
instance, it did not. That much was ascertained by the acquittal.
But the city was concerned with the alleged criminal prosecution,
not as an assault and battery, but as disorderly conduct within the
limits of a municipal corporation, where the preservation of good
order is matter of local police. . . Municipal government stands
between the family and the State. Police ordinances are at once
family rules on a large scale and State laws on a small scale. . .
The State may deal only with the central element of a transaction
which is fringed all round with adjuncts that ought to be prohibited
by ordinances as highly mischievous to the quiet of municipal so-
ciety."

It is strongly urged that the defendant was acquitted in the city
court although Howard Fanning there testified to the same facts to
which he testified before the mayor and council. We need not
attempt to explain why the witness was disbelieved in one forum
and believed in another; for though we are unable to explain the
phenomenon, the finding of the jury and of the council, though
their findings are different, each is conclusive, so far as the facts
are concerned. As far as our jurisdiction extends in this case is
to hold that there was no error in striking the defendant's plea
in the trial now under consideration. Selling liquor contrary to
the law of the State is one offense, and is punishable by the State.
Keeping liquor for illegal sale is another and a different offense,
and is punishable, if at all, by municipal ordinances. The two of-
fenses are absolutely separate and distinct. *Paulk* v. *Sycamore,*
104 *Ga.* 728 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128);
*Hood* v. *Griffin,* 113 *Ga.* 190 (38 S. E. 409).

3. The third exception complains that the finding of guilty
was not supported by the evidence and law, because the ordinance
upon which the petitioner in certiorari was convicted is invalid.
A contention is made in the briefs as to when the defendant's plea
was stricken. We think it immaterial at what stage of the trial

the council struck this plea. It was properly stricken. But the striking of the plea of former jeopardy could not have prevented the introduction of any evidence which the defendant desired to present in support of his plea of not guilty. At least there is no complaint that the plaintiff in error offered any evidence which was rejected. It appears that before the council, the plaintiff in error was content to rely upon the plea of former jeopardy alone, and to waive the right to disprove, if he could, the testimony of Fanning, which showed his guilt of the charge. The evidence, as it appears in the record, fully authorized the finding of the council. Nor is there any merit in the complaint that the ordinance under which the plaintiff in error was found guilty is invalid. Two ordinances upon this subject appear in the record; and other than the general assignment that the ordinance is invalid, it is not alleged upon what ground or in what respect such invalidity consists. We would be left to grope in the dark if we could consider this assignment; because no specific defect is pointed out. It is stated in the answer, however, that no point was made on the ordinances in the trial court; and of course they can not now be challenged here. The conviction will be presumed to be in accordance with the ordinance, and the ordinance will be presumed to be valid.

*Judgment affirmed.*