### 987.   CLAY *v.* THE STATE.

1. Where, for the purpose of alteration or correction, a trial judge returns a bill of exceptions, or exceptions pendente lite, to the party tendering the same and the exceptions are not again presented to the judge within a reasonable time, they will be presumed to be waived. A period of time embracing more than forty days must be held to be unreasonable delay, except where it appears that within that time it was impossible to present such corrected bill of exceptions to the trial judge for his approval.

2. A demand for trial is exhausted and functus officio where the defendant is tried at the second term and convicted. Even if the case thereafter be reinstated upon the docket, if it be by the grant of the defendant's motion for new trial (as it is by his motion that there is another trial, and as upon his motion the case proceeds de novo) another demand is necessary before he can claim the benefits arising from the right to demand a trial.

3. Neither a demand for trial nor a plea of former jeopardy, as to an indictment for disturbing divine service, is a bar to a prosecution for disturbing a Sunday school. The offenses are not the same. Though they

are similar in nature, they are not identical as to the facts which it is necessary to show in order to establish the guilt of the accused.

4. (a) The evidence authorized the conviction of the defendant.

(b) The charge of the court upon the subject of the burden of proof is neither inapt nor erroneous, nor is it argumentative, nor does it tend to intimate any opinion on the part of the court that the State has carried the burden of proof.

(c) While explanatory definitions of "reasonable doubt" are not to be commended, an instruction upon this subject, that "the evidence should be such as would control and decide the conduct of reasonable men in the most important affairs of life, and not a mere conjecture, a trivial supposition, a bare possibility of the innocence of the accused," is not erroneous or calculated to impress the jury that a defendant should satisfy them beyond a reasonable doubt of his innocence. Nor does it discredit the evidence in behalf of the defendant, or his statement, or intimate judicial disapproval of an acquittal.

(d) As the controlling question in this case, upon the facts, was as to the identification of the defendant, there was no error in not charging upon the subject of positive and negative testimony. Except in a very clear case for its application, §985 of the Penal Code should not be given in charge.

5. The evidence offered for the purpose of showing that one of the witnesses for the State was riding with a woman on the public road was properly excluded, it not being made to appear how this testimony could be relevant.

6. Though the testimony against the defendant was wholly circumstantial, it was sufficient to authorize the conviction; and, so far as the rulings and instructions of the court are concerned, the defendant had a fair trial.

Indictment for disturbing Sunday school, from city court of Monticello—Judge Thurman. January 22, 1908.

Submitted March 10,—Decided March 30, 1908.

*A. Y. Clement,* for plaintiff in error.

*Doyle Campbell,* solicitor, contra.

RUSSELL, J. The plaintiff in error was indicted for disturbing divine service, and the indictment was transferred to the city court of Monticello, where he entered a demand for trial upon the minutes. He was not tried at the term at which the demand was made. At the next term he was put upon trial twice. The first trial resulted in a mistrial, the second in a conviction. He thereupon asked that the results of that trial—the verdict and judgment—be set aside, and that he be granted another trial. The motion for new trial was granted in vacation, and, at the March term, 1907, the indictment, over the objection of the defendant, was nol prosed. At the September term, 1907, of Jasper superior court, the present

indictment was found, charging him with the offense of disturbing a Sunday school. No demand for trial was filed as to the present indictment, but the defendant was tried at the November term,. 1907, of the city court of Monticello (which was the first term of that court after the transfer of the indictment), and was convicted. His motion for new trial was overruled, and he excepts to the judgment refusing a new trial. It also appears from the record, that a plea of former jeopardy was stricken by the court and that a written motion for a discharge was overruled, and that exceptions pendente lite, which appear of record, were tendered as to both of these rulings.

1. We will first pass upon the exceptions pendente. lite and then upon the several grounds of the motion for new trial. It appears from the bill of exceptions that the exceptions pendente lite,. both as to the striking of the former plea of jeopardy and the motion for discharge, were presented to the trial judge on November 30, 1907, which was in due time. The judge required certain changes made, and it is certified in the bill of exceptions that counsel for the plaintiff in error, after making the changes suggested,. again tendered the exceptions pendente lite, on December 2d, or 3d, 1907, "but his honor, the judge, being in a hurry to get off on the train, stated that he did not have time just then, but would certify the same later." The exceptions were not again presented to the judge until January 22, 1908. These exceptions must be considered as having been abandoned, and it was not error in the judge to decline to certify them nunc pro tunc, or to certify to the fact that they were tendered in the time allowed by law, in the absence of any reason being shown why a subsequent presentation was not sooner made. The code provides that where a judge requires corrections to be made in the bill of exceptions, he shall return them to counsel for that purpose within ten days. The judge returned these exceptions immediately, so far as appears from the record,. and they were again brought to his attention either the 2d or 3d of December. So far as appears from the record, though the judge was going off on the train, no showing was made that he remained away an unreasonable time or could not be found until January 22d. In such a case it was not unreasonable for the judge to refuse to certify the exceptions, and to decline to state that the delay was due to no fault of the plaintiff in error. This would have

preserved all the rights of plaintiff in error. It was not the judge's duty to hunt for the counsel for the plaintiff in error and endeavor to procure the exceptions for the purpose of examination and certification, but it was the duty of the counsel to see that the exceptions, either by registered mail, personally, or otherwise, were received by the judge. By reason of the return of the exceptions for correction, the plaintiff in error was entitled to a reasonable time to make the corrections and again present his exceptions, but the period of time between December 3 and January 22 can not be held to be such a reasonable time. It must rather be presumed that the exceptions were waived.

2-3. We are less reluctant to rule thus upon the point presented, because in this particular case the exceptions were entirely without merit. A demand for trial, taken in a case for disturbing divine worship, could have no reference whatever to a subsequent indictment found for the offense of disturbing a Sunday school, even if the transactions were identical in every other respect. Certainly the indictment must be pending when the demand for trial is made. No one can foresee whether future indictments, even for the same offense, may or may not be returned. If the defendant desires a demand for trial, he must enter such demand as to each indictment returned against him. It matters not whether they be for the same transaction or even for the same offense, that question must be raised in another way, to wit, by plea in bar. While it was held in *Jackson* v. *State, 76 Ga.* 564, and in *Brown* v. *State, 85 Ga.* 717 (11 S. E. 831), in each of which the judgment of the court below was affirmed, that a trial on a new indictment for the *same* offense will satisfy the demand, it must be remembered that the expressions used were statements of reasons why the defendants had no right to complain. The question whether a defendant can take a demand in one case and apply it to another was not before the court, nor decided. In *Brown* v. *State,* however, Chief Justice Bleckley says: "But his discharge and acquittal under the demand could only be operative as to the offense charged in the indictment which was nol prosed, the indictment pending when the demand for trial was made." We see no difference in applying a demand for trial made in a case of retailing without a license to an indictment for selling liquor to a minor, and in applying a demand for trial made in a case of disturbing divine service to a subsequent indictment for

10

disturbing a Sunday school. In the first instance the defendant might be guilty of both offenses by having sold a single drink of intoxicating liquor; it would be the same transaction. In the latter case the same act might have disturbed both a congregation of persons legally assembled in a prayer service and a near-by gathering carrying on a Sunday school.

There was no merit in the exceptions attempted to be taken to the striking of the plea of former jeopardy. Disturbing divine worship is not the same offense as disturbing a Sunday school, and the "same-transaction test" can not be applied. It is true, the same act may be alleged in the two charges, and the same act may operate to disturb divine service and to disturb a Sunday school, and the act may be done at the same place, and both offenses belong to the same genus; but acquittal of disturbing a congregation of persons assembled for divine worship is no more a bar to prosecution for the same act which may have disturbed the Sunday school than an acquittal for carrying a pistol concealed would be a bar to prosecution for having the identical pistol at a public gathering. See *Sutton v. Washington,* ante, 30 (60 S. E. 811). The most that can be said as to a prosecution for divine worship and one for disturbing a Sunday school, even if the same act is relied upon in both cases, is that the offenses are similar in nature; they are not identical. Their very name implies a difference. We have said this much upon the motion to discharge upon demand, and upon the plea of former jeopardy, merely to show that the plaintiff in error was not hurt by the failure of the judge to certify the exceptions pendente lite. The demand exhausted itself and was fully complied with when the State gave the defendant a trial at the second term thereafter. That there was a new trial was on the defendant's own motion, and the case proceeded de novo. We think that under such circumstances the defendant would have to proceed to have a new demand granted him; but this opinion is obiter, just as the expression that the demand would probably stand over and be operative to secure a trial at the next term, if a new trial had been granted on the previous motion, used by Judge Bleckley in *Brown v. State,* supra, was likewise obiter. The exact point, as far as we are aware, has never been decided. The nearest approach to it is the intimation (which was again obiter) in *Silvey* v. *State,* 84 *Ga.* 44 (10 S. E. 591).

4. We come then to the grounds of the motion for new trial. After careful consideration of the several assignments of error contained in the motion, we hold:

(*a*) The evidence for the State, though largely circumstantial and contradicted by evidence for the defendant, authorized the conviction of the defendant.

(*b*) The charge of which complaint is made in the 4th ground of the motion (that "the defendant enters this trial with the presumption of innocence in his favor,—this presumption being thrown around the defendant by the law,—and it remains with the defendant throughout the trial, and until the State, by competent evidence, overcomes this presumption and establishes the guilt of the prisoner, beyond a reasonable doubt, the burden of proof being upon the State to establish each of the material allegations of the indictment to a moral and reasonable certainty and beyond a reasonable doubt") is not inapt, nor is it erroneous as intimating an opinion on the part of the court, or because it is argumentative or tends to support the contention that the State had carried the burden of proof. It is not, for any reason, erroneous.

(*c*) An instruction similar to that of which complaint is made in the 5th ground of the motion was approved by this court in the recent case of *Parker* v. *State,* 3 *Ga. App.* 340 (59 S. E. 823). While we have frequently held that attempted definitions of reasonable doubt are more apt to confuse a jury than otherwise, still it can not be said that to tell the jury that "the evidence should be such as would control and decide the conduct of reasonable men in the most important affairs of life, and not a mere conjecture, a trivial supposition, a bare possibility of the innocence of the accused," was erroneous, by reason of shifting the burden of proof from the State to the defendant, or because.it was misleading or calculated to impress the jury that he should satisfy them beyond a reasonable doubt of his innocence. Nor did this charge discredit the evidence and statement of the defendant in the minds of the jury and cause them to look upon the same with suspicion, or intimate judicial disapproval of an acquittal, as insisted by his counsel. See citations in *Parker* v. *State,* supra.

(*d*) The court did not err in not charging the jury upon the subject of positive and negative testimony. The question in this case was specially one of the identification of the person who fired

the pistol, and the law of circumstantial evidence was involved, but, so far as we can see from the record, there was no question of positive and negative testimony. Except in a very clear case, §985 of the Penal Code should not be given in charge. *Wood* v. *State,* 1 *Ga. App.* 684 (58 S. E. 271).

5. It does not clearly appear from the 7th ground of the motion for new trial whether the testimony to which reference is made was merely offered, or whether the witness testified to certain facts and the evidence was ruled out. If the defendant offered to prove the fact and the court refused to allow the witness to answer a question propounded for that purpose, the assignment of error is imperfect, because it is not alleged that the court was informed, at the time, by counsel, as to the answer anticipated from the witness. But if the court had been informed, or if, by the assignment of error, it is intended to make plain that the court improperly ruled out the statement, "I had a woman, Ella Cochran, in the buggy with me; she was not my wife nor sweetheart," there is still no merit in the contention. It does not appear of what possible materiality this could be to the question whether the defendant had or had not fired a pistol in the public road; and we hardly think it would do to hold, as insisted by counsel for plaintiff in error, that the mere fact that the witness was riding on a public road with a married woman, who was neither his wife nor his sweetheart, would of itself tend to discredit the witness. Nor could the ruling out of this testimony tend (as contended by counsel) to sustain the character and credibility of the witness, or intimate a judicial opinion to that effect. A defendant is entitled to a thorough and sifting cross-examination of the witnesses against him, and perhaps upon this ground the court might have admitted the testimony; but we do not see that the failure of the court to do so could have been hurtful to the defendant, unless more reason was made to appear as to evidence expected to be developed from the evidence already obtained as a foundation.

6. The case against the defendant is weak, and the jury would have been authorized to acquit, but they preferred to convict, and were authorized by the evidence to do so. So far as the rulings and instructions of the trial judge are concerned, the defendant had a fair trial and has no just cause for complaint.

*Judgment affirmed.*