36327.   HORNE *v*. THE STATE.

DECIDED OCTOBER 31, 1956.

*Joe W. Rowland,* for plaintiff in error.

*W. W. Larsen, Solicitor-General, W. W. Larsen, Jr.,* contra.

GARDNER, P. J.   1.   It will be noted that under the terms of the act of 1952 (Ga. L. 1952, p. 299, et seq.) special permission of the court must be obtained for the defendant, in a capital case, to enter a demand for trial after the expiration time of the indictment or the first term thereafter.   Also the Code provides that the defendant must be present in court, announcing ready for trial and requesting trial of said indictment.   It follows that in the instant case the judge did not err in his order unless the defendant "was present in court, announcing ready for trial and requesting a trial."   The record shows, as is conceded by the defendant in his brief, that the defendant was not present in court, but was at some unknown place in the custody of the United States Government.   The record shows that the defendant had at one time been in the custody of the sheriff of the county of jurisdiction, but that he was later surrendered to a deputy United States marshal, and it was in such custody that we find the de-

fendant on the day of the trial. It is true that no cases have been cited by counsel, nor have we been able to find any cases directly in point construing the act cited, codified as Code (Ann.) §§ 27-1901.1, 27-1901.2. However, it is our opinion that the language of the statute is clear on this point. The trial court properly denied demand for trial.

2. As to the point made by counsel that juries must be impaneled and qualified in order to try the defendant, the record is silent as to whether or not juries were impaneled and qualified. The record does show unverified demand and motion for acquittal. This point was covered in *Roebuck* v. *State*, 57 *Ga.* 154 (3). This point made by this contention of counsel would make no difference in the instant case in view of the whole record.

The trial court did not err in any ruling nor does the record show any cause for reversal. We reiterate that the demand for trial was not made at the first or second term, as provided by law, nor was the defendant present in court when such demand was made.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. Numerous questions are presented by this bill of exceptions which it is unnecessary to decide. For example, the first term after the reversal of the defendant's conviction was the third term after the indictment, and the question of whether special permission of the trial court was needed in order to file the demand arises. This amendatory act is in the language of Code § 27-1901 under which Judge Russell in *Clay* v. *State*, 4 *Ga. App.* 142 (60 S. E. 1028) stated that this should be considered as a "first term" demand, but that the opinion of the court was obiter and founded on obiter in other cited cases. When, however, this question is properly presented the writer speaking for himself alone is prepared to hold in accordance with the principles of law enunciated in these cases.

Secondly, the plaintiff in error earnestly seeks to make it appear that he was the victim of circumstances under which he was led to believe his case was to be called the next morning after the day in which he had been in court awaiting trial, was deliberately turned over to Federal authorities so that he could not be present and his case could not be tried and his demand for trial

524

was thus rendered unavailing without any fault on his part. The writer also when this question is properly presented is prepared to take the position that when a defendant who has an indictment pending against him and has filed a demand for trial is turned over to the Federal authorities and the demand for trial is attempted to be defeated in this manner, that the demand nevertheless will remain effective.

It is unnecessary to decide these questions. In *Roebuck* v. *State*, 57 *Ga.* 154 (3), it is stated: "A mere recital in a motion for discharge presented by counsel, and which the superior court refused to grant, with no verification of the recital in the bill of exceptions or elsewhere in the record, is not sufficient evidence that there was a jury at the second of the two terms." Here, under a similar state of the record, there is no showing that there was a jury empaneled at either term. The paper denominated an amendment to the bill of exceptions, signed only by counsel, dated after the certification of the bill of exceptions, and containing no certification by the trial court, is a nullity and cannot be considered as evidencing the truth of the statements therein contained.

Since the record here fails to show that juries were empaneled at the term at which the demand was made and at the next succeeding term, I concur in the judgment of affirmance which holds the demand to be ineffective.