### 4225.  COLLINS v. CITY OF DALTON.

RUSSELL, J.  1. There was evidence in the record (according to the finding of the jury upon the traverse to the answer to the certiorari) which authorized the inference that the accused was a peddler, rather than a traveling salesman; and hence the judgment of the recorder is supported by the ruling in *Kimmell* v. *Americus*, 105 *Ga.* 694 (31 S. E. 623).

(*a*)  A reviewing court can not undertake to decide whether a conviction of a violation of a city ordinance is unsupported by the evidence, when the ordinance itself is not presented in the record, and still the evidence would apparently authorize the rendition of the judgment to which exception is taken.

2. As the certiorari in the present case was called out of its order, exceptions to the answer of the magistrate could properly be filed at any time during the first term, prior to the consideration of the case by the presiding judge.  Consequently, the trial judge did not err in overruling the objection to the exceptions filed in the present case, which he certifies did not affect the finding of the jury upon the traverse.

3. While the evidence of the defendant's violation of the municipal ordinance is weak and unsatisfactory, it is sufficient to authorize the finding of the recorder, and it was not error for the trial judge to overrule the certiorari.                    *Judgment affirmed.*

DECIDED JANUARY 22, 1913.

Certiorari; from Whitfield superior court—Judge Fite.  April 27, 1912.

*F. K. & C. D. McCutchen,* for plaintiff in error.  *M. C. Tarver,* contra.

---

### 4310.  SMITH v. WALKEEN MILLINERY CO.

RUSSELL, J.  Even if an entirely different conclusion should have been reached, and even though the judgment upon the certiorari would have been different but for intermediate error, yet where there is a judgment on the merits of the certiorari, it matters no more that it was compelled by, and is in fact wholly dependent upon, an intermediate error antecedent to the judgment than that the judgment is error.  The only remedy in either event must be sought by writ of error; and a renewal of the suit by a second certiorari is not available.

*Judgment affirmed.*

DECIDED JANUARY 22, 1913.

Certiorari; from Fulton superior court—Judge Pendleton.  May 29, 1912.

*E. A. Angier,* for plaintiff in error.  *V. B. Moore,* contra.