### 4927. HOWELL *v.* THE STATE.

Judicial cognizance by a superior court does not extend to by-laws or ordinances of municipalities. Consequently a plea of former jeopardy, setting up that the accused had already been convicted by the recorder of a certain municipality of the same offense, but which failed to set out a copy of the ordinance under which he had been convicted, was properly stricken on demurrer.

DECIDED JULY 8, 1913.

Indictment for misdemeanor; from Whitfield superior court— Judge Fite. April 18, 1913.

*W. E. Mann,* for plaintiff in error.

*Sam P. Maddox, solicitor-general,* contra.

RUSSELL, J. Howell was indicted for the offense of being intoxicated on certain highways and public streets of Dalton, Georgia; it being alleged that his drunkenness was manifested by boisterous and indecent condition and acting, by vulgar, profane, and unbecoming language, etc. On arraignment and before pleading to the merits, he filed a plea setting up a former conviction of the same offense by the recorder of the City of Dalton. The court struck the plea, and a ruling is invoked here, as it was in the court below, as to whether one punished under a municipal ordinance for the offense of public drunkenness can thereafter be tried in a State court for a violation of section 442 of the Penal Code.

It is a general rule that municipal ordinances can not occupy the field covered by State laws. Where the State has penalized a certain act, the exercise of this power on the part of the State excludes the right of a municipality to punish for the same act, unless by express legislation the State has authorized it so to do. It would seem, therefore, that the plea of former jeopardy, filed by the defendant in this case, would be ineffectual as related to almost any municipal ordinance, because it would have devolved upon the defendant, when arraigned in the municipal court, to plead to the jurisdiction of the court, upon the ground that the offense charged was only cognizable in and triable by the State courts. If the offense charged against the defendant had not been that of drunkenness, he might have relied upon such rulings as those of the Supreme Court in *Kahn* v. *Macon,* 95 *Ga.* 419 (22 S. E. 641), and *Moran* v. *Atlanta,* 102 *Ga.* 840 (30 S. E. 298), and that of this court in *Cotton* v. *Atlanta,* 10 *Ga. App.* 397 (73 S. E. 683). Where an offense is covered by a statute of the State, in which the State has reserved to itself the sole right of dealing with the act forbidden by law, this fact will afford to one accused of violation of a municipal ordinance which attempts to punish for the same act a perfect defense in a municipal court. On the other hand a municipality may punish for an act which is forbidden by the penal laws of the State, if into the act penalized by the ordinance there enters some essential ingredient not necessary to constitute the statutory offense, or if the ordinance can be violated even though there enter not into the act thereby denounced some

ingredient essential to the consummation of the act which is made a crime by the State law. Upon this point see *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654); *Athens* v. *Atlanta,* 6 *Ga. App.* 245 (64 S. E. 711); *Alexander* v. *Atlanta,* 6 *Ga. App.* 329 (64 S. E. 1105); *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105); *Dorn* v. *Atlanta,* 6 *Ga. App.* 529 (65 S. E. 254).

In the present case this court can not tell, nor could the superior court, whether the ordinance of the City of Dalton is invalid upon the ground that it impinges upon the State law and thereby enables the municipality to usurp the functions of the State; for no ordinance is in the record. Neither the superior court nor this court takes judicial cognizance of municipal ordinances. It may not be the duty of the municipality, in making out its case, to produce evidence of the existence of the ordinance under which the defendant in the municipal court is being tried; for the mayor or recorder, as the case may be, can perhaps be presumed to know that there is a municipal ordinance applicable to the case upon trial. This court held, in *Collins* v. *Dalton,* 12 *Ga. App.* 119 (76 S. E. 1053), that the judgment rendered might import the existence of an ordinance forbidding the act to which the sentence and judgment in this case related; but we have held also that judicial cognizance does not extend to municipal ordinances. *Dorsey* v. *State,* 7 *Ga. App.* 367 (66 S. E. 1096). For this reason, one who seeks to review a judgment of a municipal court which is predicated upon an alleged municipal ordinance must, in the record, present the ordinance, so as to enable the reviewing court intelligently to pass upon the question.

It is contended that as section 442 of the Penal Code provides that it "shall not be construed to affect the powers delegated to municipal corporations to pass by-laws to punish drunkenness or disorderly conduct within their corporate limits," the plea of former jeopardy is good, and should not have been stricken. In the original act (Acts of 1905, p. 115) the language used is that "nothing contained in this act shall be construed to affect the power heretofore or that may be hereafter delegated to municipal corporations to regulate the liquor traffic and pass by-laws to punish drunkenness or disorderly conduct within their corporate limits." It would seem that this language is broad enough to have authorized the City of Dalton to pass a by-law punishing drunkenness

upon its streets, and even, in such an ordinance, to define the offense exactly as defined in section 442 of the Penal Code; and, of course, in that event, a conviction in the municipal court would be a bar to any prosecution for the same act in the State court, and a timely and proper plea of former jeopardy should be sustained. However, so far as appears from the record in the present case, we are left completely in the dark as to the nature of the ordinance passed by the City of Dalton. And even if, under the ruling in *Collins* v. *Dalton,* supra, we might assume that an ordinance had been passed containing such provisions as would authorize the municipality to punish for the offense of drunkenness, still we do not know whether the ordinance is thus restricted. Nor was the trial judge informed upon this point by the production of the ordinance itself. If the City of Dalton, by its ordinance, sought only to penalize drunkenness at some other place than those mentioned in section 442 of the Penal Code, the act forbidden by the ordinance would be differentiated from the State offense, because it could be committed without the ingredients of manifestation which are essential to constitute a violation of the State law, and the judge could properly have stricken the plea of former jeopardy, upon the authority of *Athens* v. *Atlanta,* supra, and other cases cited.

We are unable to decide whether, under the provisions of section 442, which would seem to delegate to the municipality certain power to deal with the question of drunkenness, the City of Dalton had such a right to punish for drunkenness on its public highways and streets as would, under a plea of former jeopardy, have prevented a prosecution for the same act in the State courts, or whether the city ordinance prohibited drunkenness merely at places other than those mentioned in the statute, or only drunkenness manifested in ways different from those dealt with in the State law; because the ordinance is not before us, and we have no legal means of ascertaining its scope or contents. We have held more than once that mere drunkenness, manifested by extreme stupor or deep sleep, is not a violation of the State law; for the State penalizes only that drunkenness which is manifested in the manner specifically pointed out by the section of the code. Therefore, if there is no ordinance of Dalton which attempts to punish for drunkenness at those places mentioned in section 442 of the Penal Code, or for drunkenness manifested by those circumstances enumerated in the code, the

question which the plea of former jeopardy seeks to present would not be involved at all. Since mere drunkenness, when not manifested "by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse," has not been made penal by the State law, an ordinance making mere drunkenness a municipal offense would not conflict with the State law.

In the present case the necessity for the production of the ordinance is emphasized by the fact that the summons (as appears from the record) charges Howell with the offense of drunkenness within the corporate limits of the city, and from the sentence it appears that the defendant pleaded guilty of being drunk on the streets of Dalton. The ordinance not being in the record, we can not tell whether the charge or the sentence conforms to the ordinance. For this reason the trial judge did not err in striking the plea.            *Judgment affirmed.*