### 7609. MORRIS *v.* THE STATE.

An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the muncipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense. In such case a conviction of the municipal offense is no bar to punishment for the State offense.

DECIDED OCTOBER 18, 1916.

Indictment for misdemeanor; from Toombs superior court—Judge Hardeman. March 2, 1916.

*W. L. Wilson, A. C. Saffold,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.

WADE, C. J. The defendant was indicted under section 442 of the Penal Code, the indictment charging that in the county of Toombs, on the 2d day of July, 1914, he did "unlawfully be and appear in an intoxicated condition upon the highway, . . the same being a street of Vidalia, Georgia, known as Church street, which said intoxication was caused from the excessive use of intoxicating wines, beers, liquors, and opiates, and made manifest by boisterousness, indecent condition, and vulgar, profane, and unbecoming language, contrary to the laws of said State, the good order, peace and dignity thereof." The defendant interposed a plea of former jeopardy, alleging that on July 6, 1914, he was arrested by a policeman of the city of Vidalia in said county and State, on the same charge, and was arraigned in the mayor's court of the said city and entered a plea of guilty, and was sentenced by the said mayor in said court to serve a term of 35 days on the city chain-gang, with the alternative of payment of a fine of $25. He further pleaded that the mayor's court of the city of Vidalia was a court competent to try him on the charge of intoxication, as the city had a valid ordinance, enacted by its mayor and council, prohibiting intoxication and disorder on its streets, a copy of which ordinance was attached to the said plea. The ordinance attached

to the plea was as follows: "By-laws, City of Vidalia, Georgia. Section 95—It shall be unlawful for any person to be intoxicated to such an extent as to be boisterous on the streets, or for any person, whether intoxicated or not, to become [so] boisterous or disorderly as to disturb the public, or to be found intoxicated or asleep on the streets or alleys of the city, or [on] any porch or any steps of any dwelling-house or church or schoolhouse within the city." There was likewise attached to the plea a certified copy of the judgment against the accused in the municipal court, as follows:

Police Court Docket,　　City of Vidalia.

City of Vidalia　　　　　　　　　　　　　　　　July 6, 1914.

v.

S. L. Morris.

Charged with being drunk and disorderly. Plea of guilty.

You may serve a sentence of 35 days on the streets or pay a fine of $25, to include cost. $15 of the above sentence is suspended during good behavior. (Signed) S. B. Meadows, Mayor.

Section 442 of the Penal Code, provides that "This section shall not be construed to affect the powers delegated to municipal corporations to pass by-laws to punish drunkenness or disorderly conduct within their corporate limits." It was said in *Howell* v. *State,* 13 *Ga. App.* 74, 76 (78 S. E. 859), that this language is apparently broad enough to authorize the city to pass a by-law punishing drunkenness upon its streets, and to define the offense in the ordinance actually as defined in section 442 of the Penal Code, but that "in that event a conviction in the municipal court would be a bar to any prosecution for the same act in the State court." As to this, compare what is said in *Hood* v. *Von Glahn,* 88 *Ga.* 413 (14 S. E. 564). It is well settled, however, that a municipality may by ordinance penalize an act which is forbidden by the penal laws of the State, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense. See *Howell* v. *State,* supra. See also *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654); *Athens* v. *Atlanta,* 6 *Ga. App.* 245 (64 S. E. 711); *Alexander* v. *Atlanta,* 6 *Ga. App.* 329 (64 S. E. 1105); *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105); *Dorn* v. *Atlanta,* 6 *Ga. App.* 529 (65 S. E. 254). It is therefore apparent that the controlling question in determining whether or

not the plea of former jeopardy was good depends upon whether the ordinance of the municipality can be violated where some essential ingredient necessary to constitute the offense under the State law is altogether lacking from the act punished under the municipal ordinance, or some additional ingredient is included. It will be observed that the ordinance under consideration makes it an offense against the city of Vidalia for any person (1) "to be intoxicated to such an extent as to be boisterous on the streets," and also declares it unlawful for (2) *"any person, whether intoxicated or not, to become [so] boisterous or disorderly as to disturb the public;"* and lastly, (3) the ordinance declares it to be unlawful for any person "to be found intoxicated or asleep on the streets or alleys of the city, or [on] any porch or any steps of any dwelling-house or church or schoolhouse within the city."

Apparently the first division of this ordinance covers practically the same ground comprehended by that part of section 442 of the Penal Code which refers to drunkenness *on the highway.* The third division of the ordinance need not be considered, since the defendant pleaded guilty to the charge of "being drunk and disorderly," and punishment was imposed upon him for that offense. It therefore only remains to determine whether the conviction of the defendant in the municipal court could have been had under the second division of the ordinance, and, if so, whether the offense defined by the ordinance either contains an ingredient not necessary to constitute the act prohibited by the State law (Penal Code, § 442), or fails to include an element essential to constitute the crime defined by the State law. It is unnecessary to do more than refer to section 442 of the Penal Code, and to the case of *Peterson* v. *State,* 13 *Ga. App.* 766 (79 S. E. 927), as authority for the statement that the drunkenness penalized by the State law must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, or profane, or unbecoming language, or loud and violent discourse, and can not be punished under this section when not so manifested. Also, one guilty under section 442, supra, must appear in an intoxicated condition on a *public street or highway, or within the curtilage of a private residence not in the exclusive possession of the person or* persons so intoxicated, or *upon a steamboat* engaged at the time in carrying passengers. On the other hand, the second division of section 95 of the by-laws of

the City of Vidalia (which makes it an offense against the municipality for any person, "whether intoxicated or not, to become ['so'] boisterous, *or disorderly* [italics ours], as to disturb the public") may be violated *elsewhere* than upon the public street or highway, or than within the curtilage of a private residence not his own, or than upon a steamboat engaged in carrying passengers. So, too, it is obvious that one when intoxicated or drunk may violate this division of the ordinance either by becoming "boisterous," or by conduct which is "disorderly" only, if such disorderly conduct disturbs the public. The defendant was charged with being "drunk and disorderly," and to this charge he pleaded guilty. Nothing else appears in the record from the municipal court, and it may be that the offense committed by him did not include drunkenness upon any street or highway, or within the curtilage of any private residence, or upon any steamboat engaged in carrying passengers, made manifest "by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse." The disorder may have taken place within the *limits* of the City of Vidalia, and yet *not upon its streets* or in any private residence, and no steamboats carry passengers through that city, as no navigable stream is within the limits. If in fact the accused while intoxicated disturbed the general public at some place within the limits of the city where "the public" (which need not comprise the entire population of the city) were gathered, not on a street, or if violent or abusive language was addressed by him to another in a store or other building where the public were free to enter, and where many people were gathered at the time he disturbed the public or that portion of the public which witnessed his conduct, he would clearly have been punishable under the provisions of this part of section 95 of the ordinance, and under a charge of "drunk and disorderly." In such case an ingredient necessary to make criminal under the State law the drunkenness and boisterous conduct and profane or unbecoming language, or loud and violent discourse referred to therein, would be lacking, since that conduct was indulged in at a place other than the places protected by the statute and specially named therein. For aught the record discloses, the defendant may have been punished by the municipality for being drunk and disorderly in some public building or private warehouse or store remote

from any street or public highway, and wholly unconnected with any private dwelling, and far away from a "steamboat engaged at the time in carrying passengers."

Aside, therefore, from the question whether the word "boisterous," defined in the Standard Dictionary as "vociferous and unrestrained; noisy, uproarious," etc., is equivalent legally to the word "disorderly," which is defined by the same authority as "not observing order or amenable to restraint; turbulent; tumultuous; irregular; unruly; not observing the requirements of law and public order; especially, constituting a nuisance; disreputable," etc., it is enough to say that since the municipal ordinance included "disorder" or "boisterous" conduct which disturbed the public, whether coupled with drunkenness or not, and whether in a place where such conduct is prohibited by the State law, it is clear that the municipal ordinance might be violated and one be "drunk and disorderly" within its meaning, in the City of Vidalia, without appearing on the public streets or in the private residence of another, provided his conduct disturbs the public. The municipal ordinance is much broader than the State law, and includes elements or ingredients which are plainly and clearly excluded by that law, and therefore the trial judge did not err in striking on motion the plea of former jeopardy.

2. The evidence for the State in the trial under the indictment which is now under review clearly established that the defendant was intoxicated on Church street in the City of Vidalia, and his condition was made manifest by the fact that he could hardly walk, was trying to fight, and was talking loud and cursing. It appears also from this testimony that he went into the store of one Conner while in a drunken condition and indulged in loud and violent discourse there. So while this is immaterial, under the ruling made in the first division of this opinion, the record in this case discloses that there may have been ample evidence, if in fact it related to the same occasion, to authorize a judgment of guilty in the municipal court of being "drunk and disorderly" elsewhere than on the streets, as well as the verdict of guilty returned by the jury in the superior court on the charge of being in an intoxicated condition upon a highway of Toombs county, the same being a street of Vidalia, Georgia, known as Church street, etc.

The act of 1912 (Acts of 1912, p. 78), amending section 442 of

the Penal Code, provides that "The words public street or high-way used in this section are intended to include and shall be construed to mean any public or private street, road or private way generally used and traveled by the public or the community where said street, road or private way is located." There is therefore no merit in the contention that the State failed to prove that the street where the defendant was alleged to have been drunk was a public street. Anything to the contrary in *Lovett* v. *State,* 13 *Ga. App.* 71 (78 S. E. 857), must of course yield to the express provisions of the amendment referred to.

The trial court did not err in overruling the motion for a new trial.                                              *Judgment affirmed.*