## 7761. ELLIS v. GOLDEN.

A municipal ordinance which prohibits the keeping of whisky, within the limits of the municipality, "for the purpose of offering the same for sale," is valid. Such an ordinance is not covered by the State prohibition law which makes it a misdemeanor to keep whisky for sale or to offer it for sale.

DECIDED OCTOBER 31, 1916.

Habeas corpus; from city court of Albany—Judge Jones. August 3, 1916.

*James Tift Mann,* for plaintiff in error.

*Thomas H. Milner,* contra.

BROYLES, J. The only question in this case is whether a municipal ordinance which prohibits the keeping of intoxicating liquor *for the purpose of offering it for sale* is covered by the State prohibition law which makes it a crime to keep such liquor for the purpose of sale, or to offer it for sale. It is well settled that an act forbidden by a penal statute of the State may be penalized by a municipal ordinance, if there is in the municipal offense some

essential ingredient not essential to the statutory offense, or if the municipal offense lacks some ingredient essential to the State offense. *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105); *Dorn* v. *Atlanta,* 6 *Ga. App.* 529 (65 S. E. 254); *Alexander* v. *Atlanta,* 6 *Ga. App.* 329 (64 S. E. 1105); *Athens* v. *Atlanta,* 6 *Ga. App.* 244 (64 S. E. 711); *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654); *Howell* v. *State,* 13 *Ga. App.* 74 (78 S. E. 859); *Morris* v. *State,* 18 *Ga. App.* 684. In our opinion a municipal ordinance forbidding the keeping of whisky for the *purpose of offering it* for sale contains an essential ingredient or element which is not embraced in the State prohibition law. One might keep whisky *for the purpose of offering it for sale,* and yet, for some reason, have no intent to really sell it, and, for some other reason, not offer to sell it. In such a case it is clear that there would be no violation of the State law. And it is equally clear that there would be a violation of the municipal ordinance.

There is a clear distinction between the acts which constitute a violation of the State statute and the act which constitutes a violation of the city ordinance. The latter act is not in itself a violation of the State law, but is merely a *preparatory step towards* its violation. One may violate the city ordinance, and stop there and go no further. On the other hand, the same transaction (one sale of whisky) may constitute a violation of both the State and the municipal laws. In other words, when a person actually sells whisky, that act conclusively shows that, incidentally, he had the whisky for the purpose of sale, and also for the purpose of offering it for sale, and he can be legally punished in both the State and the municipal courts, provided, of course, that he sold the whisky in a city which had an ordinance prohibiting the keeping of whisky for the purpose of offering it for sale. All of our courts have recognized a clear distinction between the act of selling whisky and the act of keeping whisky for the purpose of selling it; and when a person illegally sold whisky, he was guilty of both of these acts, and prior to May 1, 1916, could be punished in both the State and the municipal courts for the respective acts which arose out of the same transaction, if the sale occurred in a city which had an ordinance prohibiting the keeping of whisky for the purpose of sale. Now, since the prohibition law enacted in 1915 (Georgia Laws, 1915, Extraordinary Session, p. 77 et seq.) has

gone into effect, it is a violation of the State law not only to sell whisky, but also to offer to sell it, or to keep it on hand for the purpose of selling it; but it is not a violation of that act, or of any other State statute, to keep whisky *for the purpose of offering it for sale*. In such an instance, as in many others, the lesser municipal offense is not swallowed up by the greater State offense, but both are present and remain separate and distinct, and the same transaction may involve both. There is precisely the same relative distinction between offering whisky for sale, and having whisky for the purpose of so offering it, as there is between selling whisky and having whisky for the purpose of selling it.

The only remaining question then is: Does that part of the present State prohibition law which prohibits "the keeping of whisky for sale" cover the same ground as a municipal ordinance which prohibits "the keeping of whisky for the purpose of offering it for sale?" Obviously it does not, as can easily be demonstrated. Practically every adult person (except lunatics and imbeciles) in Georgia knows that it is a violation of the State prohibition law to *sell* whisky; while, on the other hand, there are many who do not know that the same law now prohibits the "keeping of whisky for the purpose of sale." As an illustration, take the case of a person living in Albany (as this defendant was), who for some reason desires to discredit the administration of the city as to law enforcement, and who wishes also to discredit the enforcement generally of the prohibition laws. On account of the severer penalties imposed by the State law he is afraid to violate it, but, because of the lighter punishment imposed by the ordinances of the city of Albany, he is willing (for the accomplishment of his purposes) to violate the municipal ordinance of that city which prohibits the "keeping of whisky for the purpose of offering it for sale." Accordingly he procures whisky and keeps it for that purpose, and for that purpose only, viz., "for the purpose of offering it for sale." He has no intention to actually sell it, and therefore it is clear that he is not "keeping it for the purpose of selling it," but only for the purpose of "offering to sell it." And if, in pursuance of his intention to discredit the enforcement of the prohibition laws, he actually offers to sell the whisky (being one of those persons who are unaware that such an act is now a violation of the State law), while he breaks the law of the State he violates also the mu-

nicipal ordinance; the distinction between *offering to sell* whisky, and the keeping of whisky *for the purpose of offering* to sell it, having already been pointed out.

In view of what has been said, and the agreed statement of facts in the case at bar, it is plain that the municipal ordinance of the City of Albany, which prohibits the "keeping of whisky for the purpose of offering it for sale," is valid, and that the defendant's conviction of violating that ordinance was legal; and that the judge of the city court of Albany erred in sustaining the petition for habeas corpus, and in ordering that the accused be released from custody.                    *Judgment reversed.*