### 8599.  ROGERS v. THE STATE.

LUKE, J.  One charged with carrying a pistol without a license may successfully defend by showing a license granted by the ordinary of the county of his residence, in accordance with the statute.  Acts 1910, p. 134; Park's Penal Code, §§ 348 (a), 348 (b), 348 (c).  Where the evidence showed that the defendant owned property in Walton county, and moved to Tift county in the early part of 1916, and in March, 1916, while in Walton county, procured the required license, proof that subsequently and within three years from the date of the license issued by the ordinary of Walton county he carried a pistol in Tift county, openly and fully expressed to view, will not be held to show such union of act and intention as is sufficient to authorize his conviction on the charge of carrying a pistol without a license.  The court erred in overruling the motion for a new trial.

   *Judgment reversed.  Wade, C. J., and George, J., concur.*
                    DECIDED APRIL 21, 1917.

Accusation of carrying pistol without license; from city court of Tifton—Judge Price.  March 3, 1917.

*Fulwood & Hargrett,* for plaintiff in error.

*J. S. Ridgdill, solicitor,* contra.

---

### 8607.  COLLINS v. THE STATE.

WADE, C. J.  1.  Under the particular facts of this case and the possible inferences deducible therefrom as to the bad faith of the defendant in making the motion for a continuance, and especially in view of his failure to show that he expected to "be able to procure the testimony of the witness at the next term of the court" (Penal Code, § 987), notwithstanding his testimony that he expected to show certain defensive facts by the absent witness at some time and place unnamed, this court can not hold that the trial judge abused his discretion in overruling the motion for a continuance.

2. The only special ground in the motion for a new trial is that dealt with above; and the evidence amply supported the verdict.

   *Judgment affirmed.  George and Luke, JJ., concur.*
                    DECIDED APRIL 21, 1917.

Indictment for sale of liquor; from Tattnall superior court—Judge Sheppard.  February 10, 1917.

*H. H. Elders,* for plaintiff in error.

*W. F. Slater, solicitor-general,* contra.