12408.  BRYSON *v.* THE STATE.

1. " The eighteenth amendment to the constitution of the United States, and the ' national' prohibition act,' popularly known as the Volstead act, do not supersede or abrogate the existing State law known as the prohibition act, approved March 28, 1917 (Act Ex. Sess. 1917, p. 7)."

2. Both the sovereignty of the United States and the sovereignty of the State of Georgia having jurisdiction over the illegal act of possessing liquor, the same may constitute a criminal offense equally against both sovereignties, subjecting the guilty party to punishment under the laws of both, and the punishment in one sovereignty is no bar to his punishment in the other; and a conviction for the same offense in both the Federal and State courts is not in violation of those provisions of the Federal and State constitutions that provide, in substance, that no person shall be twice put in jeopardy of life and limb for the same offense.

3. Under the above rulings, the trial court did not err in striking the defendant's plea of former jeopardy, in which he alleged that he had previously plead guilty in the United States district court to the same offense — possessing the same whisky at the same time as charged in the State indictment, and that a conviction in the State court would be in violation of certain named provisions of the Federal and State constitutions which declare that no person shall be twice put in jeopardy of life and limb for the same offense.

4. Moreover the national prohibition law, known as the Volstead act, when construed, as it must be, in the light of the 18th amendment, does not prohibit the possession of liquor or other intoxicants for the personal consumption of the owner thereof, his family, and his bona fide guests; whereas our State prohibition law does prohibit and make penal the mere possession of liquor, regardless of the purpose for which it is to be used by the owner; and therefore, the two laws being clearly separate and distinct in this particular, a conviction of the national offense is no bar to punishment for the State offense.

DECIDED JUNE 17, 1921.

Indictment for possessing intoxicating liquor; from Cobb superior court — Judge Blair.  April 9, 1921.

*Clay & Blair,* for plaintiff in error.

*John S. Wood,* solicitor-general, *Lindley W. Camp,* contra.

LUKE, J.  The defendant was indicted, tried, and found guilty of " having, possessing, and controlling " a certain quantity of intoxicating whisky.  Prior to entering his plea of not guilty the defendant filed a plea of former jeopardy, in which he alleged that he had pleaded guilty, in the United States district court for the northern district of Georgia, to the illegal possession of the identical whisky and at the same time that he was charged with illegally having, possessing, and controlling it in the instant case, and that therefore his plea of guilty in the Federal court was

autrefois convict as to the case at bar. Upon motion of the State's counsel, the court struck this special plea as being insufficient in law to set up any defense to the indictment pending. The defendant filed exceptions pendente lite to the ruling of the court striking his plea, and properly assigned error thereon in the main bill of exceptions.

It is no longer an open question in this State that the 18th amendment to the constitution of the United States, and the "national prohibition act," popularly known as the Volstead act, do not supersede or abrogate the existing State prohibition act. *Jones* v. *Hicks,* 150 *Ga.* 657 (104 S. E. 771, 10 A. L. R. 1315). Therefore the sole question for adjudication (this being the only point insisted upon in this court) is whether or not a defendant who has already been tried and found guilty in the Federal court, for illegally possessing liquor in violation of the act of Congress known as the Volstead act, can be legally punished in the courts of Georgia for possessing the same liquors in violation of the State prohibition law (Acts of 1917, p. 7). And this court is not without jurisdiction to pass upon the constitutional question, since it involves only an *application* of certain provisions of the Federal and State constitutions, and not a construction thereof. See *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374).

While this identical question has never been passed upon by the appellate courts of this State, it has in principle been settled by decisions of the United States Supreme Court and other courts of high repute. In the case of United States *v.* Amy, 24 Fed. Cas. 792, 810, it is held that "In maintaining the power of the United States to pass this law, it is, however, proper to say, that as these letters, with the money in them, were stolen in Virginia, the party might undoubtedly have been punished in the State tribunals, according to the laws of the State, without any reference to the post-office or the act of Congress; because, from the nature of our government, the same act may be an offense against the laws of the United States and also of a State, *and he punishable in both. This was considered and decided in the Supreme Court of the United States, in the case of Fox v. The State of Ohio, 3 Howard* [46 U. S.] *433* [12 L. ed. 223], *and in the case of the United States v. Peter Marigold, 9 Howard* [50

U. S.] 560 [13 L. ed. 257]; *and the punishment in one sovereign-ty is no bar to his punishment in the other."* (Italics ours.) In Crossley *v.* California, 168 U. S. 640 (18 Sup. Ct. 242, 42 L. ed. 610), it is said: "But it is settled law that the same act may constitute an offense against the United States and against a State, subjecting the guilty party to punishment under the laws of each government; and may embrace two or more offenses. Cross *v.* North Carolina, 132 U. S. 131 [33 L. ed. 287], and cases cited. And see Teal *v.* Felton, 37 U. S. (12 How.) 284, 292 [9 L. ed. 990, 993]." In the recent case of United States *v.* Casey, 247 Fed. 362, 365 (6) it is held, "that the State in the exercise of its police power has the right to legislate, and in pursuance of that right has legislated, to control the morals of its citizens, and may prosecute the keepers of bawdyhouses, is freely conceded; *but their conviction and sentence for that offense in the State court, had action been taken against them there, would not bar their prosecution in this court.* (Italics ours.) Cross *v.* North Carolina, 132 U. S. 131, 139, 10 Sup. Ct. 47, 33 L. ed. 287; Sexton *v.* California, 189 U. S. 319, 323, 23 Sup. Ct. 543, 47 L. ed. 833; Byrne, Fed. Crim. Proc. § 211." The converse of this proposition is obviously true. Attention is also directed to the recent case of Re Antonia Guerra, 94 Vt. 1 (110 Atl. 224, 10 A. L. R. 1560), where the Supreme Court of Vermont had under consideration the question of whether the war-time prohibition act superseded the State law on the same subject, and in passing said: "It is no objection to the concurrent validity of the two statutes that both penalize the same act, for it has been repeatedly held that the same act may constitute a criminal offense equally against the United States and the State, subjecting the guilty party to punishment under the laws of each, provided the act is one over which both sovereignties have juris-diction." See also, in this connection, Moore *v.* Illinois, 14 How. 13 (14 L. ed. 306); Southern Railroad *v.* Commission, 236 U. S. 439 (35 Sup. Ct. 304, 59 L. ed. 661).

In view of the above authorities, we hold that the violation of the Federal prohibition act for possessing liquors, and a con-viction of that offense in the Federal court, does not bar or pre-vent a conviction for the same offense under the State prohibition law penalizing the possession of whisky.

Furthermore, the Volstead act, construed, as it must be, in the light of the 18th amendment, does not prohibit the possession of liquor where it is to be used for the personal consumption of the owner thereof, his family, and his bona fide guests; whereas our State prohibition law does prohibit the mere possession of liquor, regardless of the purpose for which it is to be used by the owner. These statutes are therefore entirely and radically different in this respect. This being true, the question under consideration comes, in principle, squarely under the well-settled law of this State, that " An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense. In such case a conviction of the municipal offense is no bar to punishment for the State offense." *Morris* v. *State,* 18 *Ga. App.* 684 (90 S. E. 361). See also *Ellis* v. *Golden,* 18 *Ga. App.* 749, 750 (90 S. E. 495), and cit.

The Federal offense of possessing liquor is not swallowed up by the State offense of possessing whisky, nor vice versa, but, as we have already pointed out, both offenses are separate and distinct, and the same transaction may involve both.

It follows from what has been said, that the trial court did not err in striking on motion the defendant's plea of former jeopardy.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*