### 12455.   MOORE *v.* THE STATE.

BROYLES, C. J.   1.   Both the sovereignty of the United States and the sovereignty of the State of Georgia having jurisdiction over the illegal act of selling whisky, or possessing whisky, the same may constitute a criminal offense equally against both sovereignties, subjecting the guilty party to punishment under the laws of both, and the punishment in one sovereignty is no bar to his punishment in the other, even if the offense under the Federal law and the offense under the State law constitute the same transaction. *Bryson* v. *State,* 27 *Ga. App.* 230 (108 S. E. 63), and authorities cited.   Under this ruling the court did not err in the instant case in striking the special plea of autrefois convict.

2.   The motion for a new trial contained only the usual general grounds, and, as the verdict was authorized by some evidence and approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 30, 1921.

Accusation of violating liquor law; from city court of Macon — Judge Gunn.   May 3, 1921.

*Hubert F. Rawls, Daisy L. Churchwell,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

---

### 12457.   SMITH *v.* THE STATE.

BLOODWORTH, J.   1.   Grounds 1 and 2 of the amendment to the motion for a new trial, based upon the refusal of the judge to comply with written requests to charge, cannot be considered, since it does not appear that the requests were tendered to the court before the jury retired to consider of their verdict. Civil Code (1910), § 6084; *Macon* v. *State,* 24 *Ga. App.* 337 (100 S. E. 785).

2.   Special ground 3 of the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, will be treated as having been abandoned.

3.   There is evidence to support the verdict, and this court has no authority to set aside a verdict which has the approval of the trial judge when there is any evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 30, 1921.

Accusation of possessing intoxicating liquor; from city court of Dublin — Judge Sturgis.   April 18, 1921.

*John W. Thomas, Fred. Kea,* for plaintiff in error.

*William Brunson, solicitor,* contra.