### 15286. WOOD v. THE STATE.

1. Refusal of a continuance was not an abuse of discretion.
2. Where, on the trial of one charged with possessing whisky, a witness,
   who had testified that the defendant, in whose residence the whisky was
   found, admitted that it belonged to himself, was asked on cross-examina-

tion if the defendant did not at the same time say that the whisky "was for his grandfather," the court did not err in sustaining an objection to the question, on the ground that it was immaterial and irrelevant.

3. Error in the charge of the court does not require a new trial, where the verdict was demanded by the evidence.

DECIDED APRIL 16, 1924.

Indictment for possession of liquor; from Crisp superior court —Judge Crum. December 8, 1923.

C. L. Harris, for plaintiff in error.

J. B. Wall, solicitor-general, contra.

BLOODWORTH, J. 1. Error is alleged because the court refused to continue this case on account of the absence of a witness. Under the qualifying note of the trial judge to this ground of the motion for a new trial, this court cannot say that the judge abused his discretion in refusing to continue the case. Collins v. State, 19 Ga. App. 751 (92 S. E. 229). Moreover, had all the facts to which it is claimed the absent witness would have sworn been before the jury, the other evidence would still have demanded the conviction of the defendant.

2. The defendant was being tried on a charge of possessing whisky. A witness for the State testified that he found whisky in the defendant's residence, and that he heard the defendant state, freely and voluntarily, that the whisky found there belonged to him. This witness, on cross-examination by counsel for the defendant, was asked: "He told you at the same time that the whisky that you found there was for his grandfather, old man Cain, did he not?" The solicitor-general objected to the question as immaterial and irrelevant, and the court sustained the objection. This ruling was not error.

3. Granting, as claimed by the plaintiff in error, that the charge given to the jury was erroneous for the reason that it was "argumentative and unduly stressed the contentions of the prosecution," and erroneous because the judge told the trial jury that the grand jury, by the return of the indictment against the defendant, "have said that this defendant is prima facie guilty of a violation of a law that was made for the good order, peace, and dignity of the State of Georgia and all its citizenship," yet these errors will not require the grant of a new trial, for the evidence demands a verdict of guilty, and "where the evidence demands a verdict an error in the charge will not require the grant of a new

trial." *Belton* v. *State,* 21 *Ga. App.* 794 (5) (95 S. E. 300), and cases cited; *Cason* v. *State,* 16 *Ga. App.* 820 (4) (86 S. E. 644); *Thomas* v. *State,* 27 *Ga. App.* 41 (4) (107 S. E. 418); *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629). From the record in this case "it appears beyond doubt that a free, voluntary, and unequivocal confession of guilt was made; that the accused introduced no evidence in his behalf at the trial; that in his statement to the jury he did not deny the making of the confession, and that the statement itself was practically an admission of his guilt." *Luby* v. *State,* 102 *Ga.* 633 (29 S. E. 494). In *Hagar* v. *State,* 71 *Ga.* 167, Chief Justice Jackson said: "The evidence is overwhelming that the defendant is guilty, and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial." See cases cited. See also *Wood* v. *State,* 119 *Ga.* 426 (46 S. E. 658).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*