*Smith & Millican,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

---

### 15923.   ABBOTT v. THE STATE.

BLOODWORTH, J.   1.   "The eighteenth amendment to the constitution of the United States, and the national prohibition act, known as the Volstead act, do not supersede or abrogate the Georgia prohibition statute of March 28, 1917 (Act Ex. Sess. 1917, p. 7)."   *Cooley* v. *State,* 152 *Ga.* 469, 471 (1) (110 S. E. 449).   "The national prohibition law known as the Volstead act, when construed, as it must be, in the light of the eighteenth amendment, does not prohibit the possession of liquor or other intoxicants for the personal consumption of the owner thereof, his family, and his bona fide guests; whereas our State prohibition law does prohibit and make penal the mere possession of liquor, regardless of the purpose for which it is to be used by the owner."   *Bryson* v. *State,* 27 *Ga. App.* 230 (4) (108 S. E. 63).   See *Wood* v. *State,* 32 *Ga. App.* 58 (122 S. E. 722 (2) ).   Under the rulings in the foregoing cases there is no merit in any of the special grounds of the motion for a new trial.

2. There is evidence to support the verdict, which has the approval of the trial judge, and this court will not interfere with it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 9, 1924.

Conviction of possession of liquor; from Glynn superior court—Judge Highsmith. August 16, 1924.

*Krauss & Strong,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.