Smith *vs.* Brown.

---

SAMUEL W. SMITH, plaintiff in error *vs.* R. R. BROWN, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

Where, at the judgment term, an order was granted by the Court, allowing the defendant ten days, within which to make a motion for a new trial at Chambers, and the plaintiff and defendant failed to agree upon

the evidence, and no application was made to the Judge within the time limited to sanction the brief of the evidence, or to make the motion for a new trial in pursuance with the order, an affidavit of illegality setting up that the motion for a new trial was still pending, was properly dismissed. (R.)

New trial. Illegality. Before Judge CLARK. Schley Superior Court. October Term, 1872.

For the facts of this case, see the decision.

W. A. HAWKINS, for plaintiff in error.

FORT & HOLLIS, by DUPONT GUERRY, for plaintiff in error.

WARNER, Chief Justice.

This case came before the Court below on an affidavit of illegality to an execution. The Court dismissed the defendant's affidavit of illegality, to which he excepted. At the term of the Court at which the judgment against the defendant was rendered, on which the execution issued, an order was granted by the Court, on motion of defendant, (the plaintiff's counsel being absent,) allowing him ten days to make a motion for a new trial at Chambers. The counsel for plaintiff and defendant failed to agree to a brief of the evidence in the case, and no application was made to the Judge within ten days, to sanction a brief of evidence, or to make the motion for a new trial, in pursuance of the order granted, and the execution issued. In fact, there does not appear to have been any motion for a new trial made in the case, or any *supersedeas* granted by the Court to stay the execution. In our judgment, the grounds of illegality to the execution were insufficient, and there was no error in dismissing the same.

Let the judgment of the Court below be affirmed.