## 539.  BURNAM *v.* THE STATE.

1. No question of constitutional construction is involved, such as to require certification of the case to the Supreme Court.
2. The court erred in striking the plea in bar on demurrer.

Indictment for assault with intent to murder, from Dodge superior court—Judge Martin.  May 21, 1907.
Argued July 17,—Decided July 25, 1907.
*DeLacy & Bishop, John R. Cooper,* for plaintiff in error.
*E. D. Graham, solicitor-general,* contra.

POWELL, J.  The defendant, being arraigned upon an indictment charging him with an assault with intent to murder Mrs. Ray on January 31, 1905, filed a plea of former jeopardy and former acquittal.  He alleged, that at a preceding term of the court he

had been arraigned, tried, and acquitted on an indictment charging him with the murder of M. P. Livingston, "alleged to have been committed at the same time and place as in the present indictment; and an acquittal on the same evidence was had, and the same issues made as exist and would necessarily be made in this case, and which is the very same offense which he is now charged with and called upon to be tried in this very court." It was further alleged that the two transactions were identical and that the former trial was in a court of competent jurisdiction. A copy of the record in the former trial was attached. The solicitor-general filed demurrer, and the plea was stricken.

1. We fully discussed, in the case of *Fews* v. *State,* 1 *Ga. App.* 122, 58 S. E. 64, the question as to whether such a plea presents any necessity for constitutional construction. We do not deem it necessary to say more now than is there said.

2. Of course we do not know what is the real truth as to the allegations of the plea. If the facts of the matter are such as they are stated to be by the solicitor-general in his argument in this court, the acquittal on the first indictment was probably not a bar to the prosecution of the second case. However, by filing demurrers instead of traverse, the solicitor-general gave to the allegations of the plea a constructive verity, which in this court is absolute. That the allegations of the plea are sufficient against demurrer, see *Lock* v. *State,* 122 *Ga.* 730 (2), 50 S. E. 932. The same-transaction test adopted in this State may make a trial for the murder of one person a bar to a prosecution for assault with intent to murder a different person. For instance, if the defendant shot at A, intending to kill him, and by reason of bad marksmanship struck and killed B, whom he did not intend to kill, the transactions, the assault with intent to murder A, and the actual murder of B, are legally the same. As intimated by this court in the *Fews* case, if by separate shots the defendant wounded two persons, the transaction would be single if the shooting was done in repelling a joint assault of these two persons. The intent of the defendant determines the matter. *Croker* v. *State,* 47 *Ga.* 570; *Johnson* v. *State,* 65 *Ga.* 94; *Fews* v. *State,* supra.

*Judgment reversed.*