*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

---

### 10818. THARPE v. THE STATE.

Former jeopardy in a prosecution in a Federal court for violation of the internal revenue laws of the United States can not be pleaded in a State court to an indictment charging a violation of the State law prohibiting the making of alcoholic liquors.

DECIDED NOVEMBER 4, 1919.

Indictment for manufacture of intoxicating liquor; from Bibb superior court—Judge Mathews. July 12, 1919.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BLOODWORTH, J. The accused was indicted for making alcoholic liquors. He pleaded "former jeopardy," alleging "that he plead guilty in the United States district court for the southern district of Georgia for the offense of violation of the internal revenue laws of the United States; . . that the offense charged is the very same offense as that he is now charged with; that the United States district court for the southern district of Georgia had full jurisdiction to try him." The plea was properly stricken. It shows on its face that he pleaded guilty in a different jurisdiction and to an indictment which charged a violation of a Federal

statute, and to the commission of a crime which is entirely different and distinct from the one for which he was indicted and tried in the State court.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*