### 13907.   RUFFIN *v.* THE STATE.

BROYLES, C. J. 1. Where A shoots at B, with the intent to kill B, and does kill B, and, while so shooting at B, accidentally shoots and kills C, and is tried for the homicide of B and acquitted, such acquittal is a bar to a prosecution of A for the killing of C. *Burnam* v. *State, 2 Ga. App.* 395 (58 S. E. 667), and citations.

2. Where a defendant in a criminal case files a plea of former jeopardy and former acquittal, and the plea is demurred to instead of being traversed, all the allegations of the plea are admitted to be true, and such admission is absolute in the reviewing court. *Burnam* v. *State,* supra.

3. Under the above rulings and the facts of the instant case, the court erred in sustaining the demurrer to the defendant's plea of former jeopardy and former acquittal and in striking the plea. This error rendered the further proceedings in the case nugatory.
*Judgment reversed. Luke and Bloodworth, JJ., concur.*
DECIDED NOVEMBER 14, 1922.

Conviction of manslaughter; from Effingham superior court —
Judge Strange.   August 12, 1922.

*A. A. Lawrence, Archibald Blackshear,* for plaintiff in error.

*A. S. Anderson, solicitor-general,* contra.