## 20797. DURDEN *v.* THE STATE.

*Grayson C. Powell, I. W. Rountree,* for plaintiff in error.

*R. H. Humphrey, solicitor,* contra.

BLOODWORTH, J. 1. An indictment was returned by the grand jury of Emanuel county charging Jack Durden with being drunk on the public highway. The trial resulted in a verdict of guilty, and the accused made a motion for a new trial, based on the general grounds only. Pending the motion for a new trial the defendant filed a motion to set aside the judgment, on the ground that "the city court of Swainsboro has never had jurisdiction of the case, for the reason that said bill of indictment was a superior-court indictment, and the superior court of Emanuel county only had jurisdiction over same." It is insisted that the only way that the city court of Swainsboro could obtain jurisdiction of the case was by a proper order of the superior court, transferring the case to the city court, and this order must be placed on the minutes of both courts. The courts are presumed to act regularly and in conformity to law, and when the city court of Swainsboro assumed jurisdiction of this case the presumption is that the proper order was taken transferring the case to that court. It is not shown by the record that no order was taken transferring the case to the city court, or that such an order was not placed on the minutes of both courts. As these facts do not appear on the face of the record, it is not shown that the city court did not have jurisdiction, and the motion to set aside the judgment was properly overruled.

2. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*