27963. SLOAN *v.* CITY OF MOULTRIE *et al.*

DECIDED MARCH 6, 1940. REHEARING DENIED MARCH 30, 1940.

*R. S. Roddenbery Jr.,* for plaintiff in error.
*Hoyt H. Whelchel,* contra.

GUERRY, J. Charles H. Sloan was tried and convicted, in the recorder's court of the City of Moultrie, on an accusation in four counts. He brought his petition for certiorari. The superior court denied the writ, and the defendant excepted. The first count charges disorderly conduct, in that the defendant "did use indecent, vulgar, obscene, and abusive language in and near a public place in the City of Moultrie," and in a named barber-shop in said

city "did then and there insult said Gaines Reeves by the use to him of indecent, vulgar, obscene, and abusive language, contrary to the laws" of said city.

(*a*) A comparison of the accusation with the ordinance shows that a violation of section 165 of the Code of the City of Moultrie was charged; and the demurrer on that ground is without merit.

(*b*) Neither does the charge so infringe on the State statute (Code, §§ 26-6303, 26-6304) as to prevent the municipal ordinance from being valid. The statute makes the use of "opprobrious words and abusive language," used to or of another, tending to cause a breach of the peace, the gist of the crime. The ordinance here alleged to have been violated does not require that the language be addressed to another person, but its publicity is made the gist of the offense. Neither does that part which charges the use of such language to a named individual fall within the State statute, which requires as a necessary element of the offense that it be used "without provocation." The city ordinance makes its use with provocation disorderly conduct. As stated in *Howell* v. *State,* 13 *Ga. App.* 74 (78 S. E. 859), cited by the plaintiff in error, "It is a general rule that municipal ordinances can not occupy the field covered by State laws." On the other hand (in the same opinion), "a municipality may punish for an act which is forbidden by the penal laws of the State, if into the act penalized by the ordinance there enters some essential ingredient not necessary to constitute the statutory offense, or if the ordinance can be violated even though there enter not into the act thereby denounced some ingredient essential to the consummation of the act which is made a crime by the State law." See *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654); *Athens* v. *Atlanta,* 6 *Ga. App.* 244 (64 S. E. 711); *Alexander* v. *Atlanta,* 6 *Ga. App.* 329 (64 S. E. 1105); *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105); *Dorn* v. *Atlanta,* 6 *Ga. App.* 529 (65 S. E. 254). The demurrer to the first count was properly overruled, it being apparent that essential ingredients are required under the State law which are not necessary to show a violation of the ordinance.

The prosecutor, a policeman, not on duty at the time, went into a barber-shop to get a haircut and the defendant was in there "clowning and cutting the fool." The policeman hung up his belt and cap, went over and spoke to the defendant "and flipped my

blackjack on him. I flipped him on the legs with the leather strap of my blackjack . . that was all in fun. We were both smiling and joking; neither of us was mad; both of us were in a good humor." The policeman then got into the barber-chair to get a haircut and lighted the last cigarette he had. The defendant, who was in bad health and hard of hearing, asked the policeman for a cigarette, and he replied that he did not have one. The defendant then in fun picked up a screwdriver and asked the barber jokingly "Would you stick this through him?" He then put his hand on the policeman's leg, and the policeman said to him that it "was hot with him standing there over him, and told him to get on away." The defendant then said, "You can kiss my ass." He said it three times, and said "You can never lock me up again." The policeman got out of the chair, put on his cap and belt and pistol, caught hold of the defendant's arm and said, "Let's go." The defendant grabbed hold of the barber-chair and would not turn loose. The policeman hit him over the hand and got him to the door, where he again braced himself. The policeman knocked him down with the blackjack, and then picked him up and carried him to jail. The defendant never at any time made any attempt to strike the policeman; neither did he curse him. There was evidence that the defendant had been drinking wine, but was not loud or boisterous at any time. The barbers expressly denied making any objection to the defendant's presence in their shop.

The first count charged indecent language in a public place. The second count charged intoxication in a public place. The third count charged resisting lawful arrest. The fourth count charged drunk and disorderly conduct evidenced by vulgar and obscene language. The evidence authorized a finding of guilty on the first count. The ordinance on which the second count is based provides that any person found in a public place "drunk and acting in a disorderly and riotous or tumultuous manner" is guilty. The evidence did not support this charge. Under the decision in *Moses* v. *State*, 6 *Ga. App.* 251, 252 (64 S. E. 699), the defendant was not guilty of resisting arrest; neither is the finding under the fourth count warranted by the evidence. The court erred in denying the certiorari.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*