## 28426, 28427. ROBINSON v. THE STATE.

DECIDED SEPTEMBER 28, 1940.

*Alton G. Liles, Joe Quillian*, for plaintiff in error.
*Hope D. Stark, solicitor-general*, contra.

BROYLES, C. J. The defendant was tried on two separate indictments charging the offense of lottery. On each trial he interposed a plea of former jeopardy. A traverse of the plea was filed, evidence on the issue thus raised was introduced, and the jury found against the plea. Subsequently a motion for new trial on that issue was overruled in each case, and the defendant excepted. Only the

general grounds are argued or insisted upon in the brief of counsel for the plaintiff in error, and therefore the special grounds are treated as abandoned.

One indictment charged that the defendant committed the offense of lottery on September 12, 1938, in that he unlawfully kept and operated "a certain scheme and device for the hazarding of money and other valuable things, said scheme and device being called a 'Snooky' machine, said 'Snooky' machine being a lottery and gambling device." The other indictment charged that the defendant, on March 2, 1938, unlawfully kept and carried on "a certain scheme and device for the hazarding of money and other things of value, said scheme and device being called and known as a race-horse machine." In each case the special plea alleged that the accused, on December 15, 1938, had been convicted in the city court of Buford of the identical offense charged in the indictment, and that said court had jurisdiction of the offense. The accusation in the city court charged that the defendant, on December 15, 1938, kept and maintained "a certain scheme or device for the hazarding of money and other things of value, said scheme and device being generally known and called a nickle-in-the-slot machine with a jack-pot." It will be observed that the machine described in the accusation does not fit the description of the machine set forth in the indictment; and the evidence introduced upon the hearing of the plea did not demand a finding that the machines were identical, or that the transaction charged in the accusation was the same one charged in the indictments. It is well settled that "the burden of proof under a special plea of former jeopardy is upon the defendant." *Mance* v. *State*, 5 *Ga. App.* 229 (62 S. E. 1053). The overruling of the motions for new trial on the pleas was not error.

The evidence authorized the convictions of the offenses charged; and the court did not err in overruling the motions for new trial, based upon the general grounds only.

*Judgments affirmed.* *MacIntyre and Gardner, JJ., concur.*