## 28428. WILLIAMS v. THE STATE.

BROYLES, C. J. This case is controlled by the decision in *Robinson* v. *State* 63 *Ga. App.* 490 (11 S. E. 2d, 414).

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED SEPTEMBER 28, 1940. REHEARING DENIED NOVEMBER 9, 1940.

*Alton G. Liles, Joe Quillian,* for plaintiff in error.
*Hope D. Stark, solicitor-general,* contra.

### ON MOTION FOR REHEARING.

BROYLES, C. J. A motion for a rehearing is made on the alleged ground that this case is not controlled by the decisions in *Robinson* v. *State,* supra. The indictment charged that the accused, on November 2, 1937, in Gwinnett County, Georgia, did unlawfully "carry on a certain scheme and device for the hazarding of money and other things of value, said scheme and device being called and known as a dime in the slot machine." The defendant filed a plea of former jeopardy, in which he alleged that on December 29, 1937, in the city court of Buford, he entered a plea of guilty on a valid accusation charging him with the offense of lottery, and that said accusation was founded on the same transaction on which the indictment was based. The accusation charged that the defendant, on November 2, 1937, maintained "a certain scheme and device for the hazarding of money or other things of value, said scheme and device being known and commonly accorded a slot machine, with jack-pot, and played with money." It will be noted that the description of the machine set forth in the accusation, and the description of the machine as stated in the indictment, are not identical; and the evidence introduced upon the hearing of the plea did not demand a finding that the machines were identical, or that the transaction on which the accusation was founded was the same one charged in the indictment. Since "the burden of proof under a special plea of former jeopardy is upon the defendant" (*Mance* v. *State,* 5 *Ga. App.* 229, 62 S. E. 1053), the overruling of the motion for new trial on the plea was not error.

The evidence authorized the defendant's conviction of the offense charged, and the court did not err in overruling the motion for new trial based upon the general grounds only. We think that the

decision in this case is controlled by the decisions rendered in *Robinson* v. *State,* supra.

*Rehearing denied.* *MacIntyre and Gardner, JJ., concur.*