### 29101. WILLIAMS v. THE STATE.

DECIDED SEPTEMBER 24, 1941. REHEARING DENIED OCTOBER 22, 1941.

A. G. Liles, Joe Quillian, for plaintiff in error.
Hope D. Stark, solicitor-general, contra.

GARDNER, J. The indictment on which the defendant was tried was returned during the March term, 1938, of Gwinnett superior

court, and was filed in the clerk's office, November 10, 1938. In material substance the allegation was that the defendant on November 2, 1937, "did unlawfully keep and maintain, employ and carry on a certain scheme and device being called and known as a nickle-in-the-slot machine." The defendant filed a plea of autrefois convict which was tried along with the plea of not guilty. The jury found against the plea of autrefois convict and against the plea of not guilty. The defendant moved for a new trial. The court overruled the motion, and the defendant excepted. The record shows that the indictment which formed the basis for the conviction of the defendant on the former trial is identical with the indictment in the instant case, with one exception: the indictment in the instant case designates the device involved as a "nickle-in-the-slot," the other as a "dime-in-the-slot." The evidence showed that the officers seized both machines or devices at the same time, in the same room, from the defendant's place of business. The defendant in his statement said: "Well, gentlemen of the jury, I was found guilty on the same transaction a year ago in this court, the same transaction, and I feel I've been punished enough one time, looks like its enough in the same transaction, is about all I got to say."

The only question for decision is whether, under the above state of facts, including the defendant's statement, the plea of autrefois convict was sustained. We have no difficulty in arriving at the conclusion that it was not, and that the jury was correct in so finding. Both machines were gaming devices, and each was particularized in the respective indictment as a distinct and different lottery or slot machine. This court, in effect, has recently ruled on this question adversely to the contention of the defendant, in *Robinson* v. *State, 63 Ga. App.* 490 (11 S. E. 2d, 414). Many cases to this effect in principle will be found cited in the annotations to Code, § 2-108; particularly under the headings "Identity of offenses," and "Intoxicating liquors."

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*