33892.   DODD *v.* THE STATE.

590

*Kimzey & Kimzey,* for plaintiff in error.

*Irwin R. Kimzey, Kimzey & Crawford,* contra.

GARDNER, P. J. Article VI, Section VI, Paragraph II (Code, Ann., § 2-4102) of the Constitution of this State provides in part as follows: "The court of ordinary shall have jurisdiction to issue warrants, try cases, and impose sentences thereon in all misdemeanor cases arising under the act known as the Georgia State Highway Patrol Act of 1937, and other traffic laws, and in all cases arising under the Compulsory School Attendance Law in all counties of this State in which there is no city or county court, provided the defendant waives a jury trial. *Like jurisdiction is also conferred upon the judges of the police courts of incorporated cities and municipal court judges for offense arising under the act known as the Georgia State Highway Patrol Act*

*of 1937, and other traffic laws of the State within their respective jurisdiction."* (Italics ours.)

The Highway Patrol Act of 1937 (Code, Ann. Supp., § 92A-242) provides as follows: "They [troopers of the Georgia State Patrol] shall not exercise any power of arrest except for offenses arising for violation of the traffic laws, or laws regulating the use, ownership and control of motor vehicles, or for offenses committed upon the highways of the State; Provided, that upon request of the governing authorities of the municipality, or of the sheriff of any county or of the judge of the superior court of any county of this State, or the Governor of the State of Georgia, the Georgia State Patrol shall be authorized to render such assistance as such authorities may request in any other criminal case, or in detecting and apprehending those violating any criminal laws of this State." Code (Ann. Supp.) § 92A-501 of said act provides as follows: "The jurisdiction of the courts of ordinary, of municipal courts and police courts of the incorporated towns and cities of this State are hereby enlarged and extended so that said courts, acting by and through the judge or presiding officer thereof, shall have the right and power to conduct trials, receive pleas of guilty and impose sentence upon defendants violating the penal provisions of this Title, and upon defendants violating any and all other criminal laws of this State relating to traffic upon the public roads, streets and highways of this State, where the penalty for the offense does not exceed that of the grade of misdemeanor, in the manner required by law." Code (Ann. Supp.) § 92A-503 provides as follows: "All municipal courts and police courts shall have jurisdiction to dispose of misdemeanor cases as provided by this Chapter which arise within the territorial limits of their respective jurisdictions, as now or hereafter fixed by law. The term 'police courts' shall be construed to include mayor's courts or recorder's courts, or like municipal courts by whatever names called." Code (Ann. Supp.) § 92A-509 of said act provides as follows: "State Highway patrolmen and any officer of this State, or of any county or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this Chapter: Provided, that officers of an incorporated municipality shall have no power to make arrests

beyond the corporate limits of such municipality, unless such jurisdiction is given by local or other laws."

The operation of an automobile while under the influence of liquor or drugs is a traffic case within the meaning of this law. See *Smith* v. *State*, 62 *Ga. App.* 733 (2) (9 S. E. 2d, 714) ; *Newmans* v. *State*, 65 *Ga. App.* 288, 290 (16 S. E. 2d, 87). In the latter case it is held as follows: "Under the Public Safety Statute (Code, § 92A-509) State patrolmen have authority to prefer charges and bring the offender before an ordinary (or municipal or police court as the case may be) who has jurisdiction to conduct trials, receive pleas of guilty, and impose sentence upon defendants violating the penal provisions of Title 92A and other traffic laws of this State. Code § 92A-501." It follows therefore that the city recorder had jurisdiction of this offense.

The trial court dismissed the plea of autrefois convict without a hearing thereon. It was not demurred to. The plea not having been traversed and the issue not having been tried, but having been decided from the facts appearing on the face of the record alone and so treated as a question of law, the allegations therein must be considered as true. See *Burnam* v. *State*, 2 *Ga. App.* 395, 396 (58 S. E. 683) ; *Ruffin* v. *State*, 29 *Ga. App.* 214 (114 S. E. 581) ; *Harris* v. *State*, 193 *Ga.* 109 (17 S. E. 2d, 573, 147 A. L. R. 980). The special plea could not have described a conviction for the violation of a city ordinance. The offense of driving an automobile while under the influence of intoxicants or drugs is covered by general State statute. Code, §§ 68-307, 68-9908. In *Mayo* v. *Williams*, 146 *Ga.* 650 (92 S. E. 59), it is held as follows: "1. Where the penal laws of this State provide for the punishment of an offense which is punishable also by ordinance of a municipality, the State law supersedes the city ordinance, and one convicted of a violation of such ordinance, and against whom a charge is pending for a violation of the State law, will be discharged on habeas corpus proceedings brought against the chief of police of the municipality, who restrains the person so convicted of his liberty, upon such facts being made to appear. In such case it is not error to remand the applicant for habeas corpus to the custody of the chief of police, to be by him turned over to the sheriff of the county, to be dealt with for the State offense. (a) Where in such a case

the defendant in the recorder's court is convicted of the same offense as covered by the State law, such conviction is void, and the defendant will be discharged on habeas corpus. 2. The court did not err in discharging the applicant and remanding him to the custody of the sheriff of the county." See also *Smith* v. *Chapman*, 166 *Ga.* 479 (143 S. E. 422).

It follows therefore that, even if there is a city ordinance in Baldwin, Georgia, making it a misdemeanor to operate an automobile while under the influence of intoxicating liquor or drugs, such ordinance is void. But the plea having shown that the former conviction was for the same offense and the same transaction, and the Recorder of the Town of Baldwin having jurisdiction to conduct the trial and impose the sentence fixed by law, it is to be presumed that he was acting within his jurisdiction and legally, since public officers are presumed to do their duty. *Durden* v. *State*, 42 *Ga. App.* 442 (156 S. E. 731); *Taylor* v. *State*, 59 *Ga. App.* 1 (200 S. E. 237).

The Recorder of the City Court of Baldwin having jurisdiction of the case, and having already punished the defendant for this same offense and this same transaction, to put him on trial in the City Court of Habersham County, which also has jurisdiction thereof, amounted to a violation of his Constitutional rights under Code (Ann.) § 2-108. The trial court, therefore, erred in striking the plea in abatement.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 10, 1952.