### 34840. SMITH *v.* THE STATE.

**750**

DECIDED SEPTEMBER 19, 1953.

*Joseph S. Crespi*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *John I. Kelley*, Solicitor, *Charlie O. Murphy*, contra.

TOWNSEND, J. This case was certioraried from the Criminal Court of Fulton County to the superior court of that county, and the assignment of error is on the judgment of the superior court overruling the petition for certiorari.

The defendant was arrested and charged in the Police Court of the City of Atlanta with the offenses of driving while under the influence of liquor, drunk on the street-accident, and cutting in and out of traffic. He was fined in the Recorder's Court for the two latter offenses, said to be violations of city ordinances, and was bound over to the Criminal Court of Fulton County for the offense of driving while under the influence of liquor. Counsel for the defendant interposed a plea in abatement, contending that the convictions of the two latter offenses constituted former jeopardy in the State court as to the offense of driving while under the influence of liquor, because he contends that the latter offenses are but essential parts and elements of the offense of driving while intoxicated, and could not, therefore, be divided into three different charges. The Judge of

the Criminal Court of Fulton County overruled this plea, and the defendant was tried and convicted of driving while under the influence of liquor.

The city ordinance under which the defendant was convicted in the police court reads in part as follows: "It shall be unlawful for any person to be and appear on the streets of the city in an intoxicated condition." Code § 58-608, making it a State offense to "be and appear in an intoxicated condition on any public street or highway," is qualified by the following proviso: "This section shall not be construed to affect the powers delegated to municipal corporations to pass laws to punish drunkenness or disorderly conduct within their corporate limits." The rule as to powers of municipal corporations to enact penal ordinances is as follows: "Where the act is, in its nature, one which constitutes two offenses, one against the State and one against the municipal government, the latter may be constitutionally authorized to punish it, though it be also an offense under the State law; but the legislative intention that this may be done ought to be manifest and unmistakable, or the power in the corporation should be held not to exist." *Moran* v. *City of Atlanta,* 102 *Ga.* 840, 844 (30 S. E. 298). As to the provisions of Code § 58-608, supra, the language of this statute was held in *Howell* v. *State,* 13 *Ga. App.* 74, 76 (78 S. E. 859), to be "broad enough to have authorized the city . . . to pass a by-law punishing drunkenness upon its streets, and even, in such an ordinance, to define the offense exactly as defined in section 442 of the Penal Code; and, of course, in that event, a conviction in the municipal court would be a bar to any prosecution for the same act in the State court." The defendant, however, was not tried in the State court for any offense under Code § 58-608, but under the provisions of Code § 68-307: "No person shall operate a motor vehicle or motorcycle upon any public street or highway . . . while under the influence of intoxicating liquors." Any city ordinance attempting to make penal the State offense of driving a motor vehicle while intoxicated would be invalid (*Dodd* v. *State,* 85 *Ga. App.* 589, 69 S. E. 2d 784). To apply the city ordinance above quoted to a transaction involving a person driving an automobile, would, equally, result in an illegal conviction, as infringing upon the State law govern-

ing that subject. In either event, a conviction under such ordinance upon such a state of facts would be void and could not be pleaded in abatement against an accusation in the State court for violating the State law. The wording of the above-quoted ordinance shows on its face that it does not purport to invade the jurisdiction of the penal inhibition of Code § 68-307, and does not purport to extend to cases of drunk driving. It will not be assumed by this court that the application of the ordinance was illegal, for, although no attack is made on the sentences imposed by the Recorder's Court, and no brief of evidence from that court appears, it does appear from the evidence adduced in the Criminal Court of Fulton County that the defendant, at the time he was arrested by police officers of the City of Atlanta, was not driving the automobile, but was "staggering around," from which it is inferable that he was shown by proper evidence to be "drunk on a public street."

Just as Code § 58-608 relating to public drunkenness and § 68-307 relating to drunken driving are separate State offenses, so § 68-307 and the city ordinance enacted substantially in the wording of Code § 58-608 under express legislative sanction are also separate offenses, and a conviction of one would not be a bar to a conviction of the other. There is no identity of offenses, because one involves elements of appearing in a public place, while the other is a violation of the Motor Vehicle Act (Ga. L. 1927, p. 238). "An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense." *Morris v. State*, 18 *Ga. App.* 684 (90 S. E. 361). See also *McRae v. Mayor &c. of Americus*, 59 *Ga.* 168 (27 Am. R. 390); *Purdy v. State*, 68 *Ga.* 295; *DeGraffenreid v. State*, 72 *Ga.* 212; *Cooley v. State*, 152 *Ga.* 469 (110 S. E. 449); *Sutton v. City of Washington*, 4 *Ga. App.* 30 (60 S. E. 811); *Tharpe v. State*, 24 *Ga. App.* 349 (100 S. E. 754); *Bryson v. State*, 27 *Ga. App.* 230 (108 S. E. 63); *Williams v. State*, 66 *Ga. App.* 93 (17 S. E. 2d 83).

It follows, therefore, that the conviction in the Recorder's Court for the violation of certain ordinances of the City of Atlanta did not constitute a bar to the prosecution in the Crimi-

nal Court of Fulton County, and the Judge of the Superior Court of Fulton County did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*