### 35089. TIBBS v. THE STATE.

CARLISLE, J. The defendant was arrested on December 24, 1952, in the City of Atlanta, and charged with two offenses: (1) "Drunk on the streets," and (2) "Operating a motor vehicle upon a public street in the City of Atlanta . . . while under the influence of intoxicating liquors, or

drugs." On December 26, 1952, the Recorder's Court of the City of Atlanta "dismissed" the first charge and bound the defendant over to the Criminal Court of Fulton County on the second charge. In the Criminal Court of Fulton County an accusation was drawn against the defendant, charging him with a misdemeanor for driving an automobile while under the influence of intoxicants on Peachtree Road on December 24, 1952. On the call of his case in the Criminal Court of Fulton County, the defendant interposed his plea of *autrefois acquit* on the grounds that both the charges constituted violations of the following municipal ordinance of the City of Atlanta: "It shall be unlawful for any person to be and appear on the streets of the City in an intoxicated condition; and any person so offending shall, upon conviction thereof by the Recorder pay a fine of not exceeding $100, or be imprisoned not longer than 30 days, either or both in the discretion of the Court . . ."; and that, since both offenses grew out of the same transaction, his acquittal of the first offense by the recorder constituted an acquittal of the second offense. The trial court overruled the plea. Evidence was then introduced to the effect that, on December 24, 1952, the arresting officers saw the defendant driving along Peachtree Road in the City of Atlanta; that he appeared to be drunk; that they stopped him and smelled whisky on his breath; that he admitted having had a drink; that he got out of his automobile and was so drunk that he was staggering; and that the degree of his intoxication was such as to make it unsafe for him to drive his automobile on the street. The jury returned a verdict finding the defendant guilty as charged. He thereupon applied to the Superior Court of Fulton County for its writ of certiorari, assigning error upon the judgment overruling his plea of *autrefois acquit* and upon the judgment of conviction on the usual general grounds. The superior court, after a hearing and argument, overruled the petition, and that judgment is excepted to.

Under this court's ruling in *Smith* v. *State*, 88 *Ga. App.* 749 (77 S. E. 2d 764), the offense of public drunkenness is a separate and distinct offense from the offense of operating a motor vehicle while under the influence of intoxicants, and a conviction or acquittal of the one will not serve as a bar to a prosecution of the other. It is immaterial, under the circumstances of this case, that the two offenses grew out of the same transaction. *Sutton* v. *Mayor &c. of Washington*, 4 *Ga. App.* 30 (60 S. E. 811). The evidence authorized the verdict, and the Superior Court of Fulton County did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 10, 1954.

*Joseph S. Crespi*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *John I. Kelley*, Solicitor, *C. O. Murphy, J. E. Thrift*, contra.