### 40848. THOMPSON v. CITY OF SANDERSVILLE.

Russell, Judge. The defendant was charged with a violation of a municipal ordinance of the City of Sandersville reading as follows: "It shall be unlawful for any person, persons, firm or corporation, to run, operate or maintain or knowingly permit the running, operating or maintaining in the City of

Sandersville, Georgia, either by himself, herself, or through others, a common ill-governed and disorderly house to the encouragement of idleness, gambling, drinking of intoxicants or other misbehavior, to the disturbance of the neighborhood or orderly citizens." Demurrers were filed on the ground that the defendant was not charged with any offense under this ordinance and that the ordinance in question is "meaningless and void." These demurrers are sufficient to raise the general question of whether the defendant was charged and convicted under a valid city ordinance.

*Code* § 26-6103 provides misdemeanor punishment for any person "who shall keep and maintain, either by himself or others, a common, ill-governed, and disorderly house, to the encouragement of idleness, gaming, drinking, or other misbehavior, or to the common disturbance of the neighborhood or orderly citizens." It is obvious that the city ordinance and the State statute operate upon identical subject matter, which has thus been pre-empted by the latter. "Where a municipal penal ordinance and a public criminal statute operate upon the same set of physical acts, the municipal ordinance is invalid unless the offense created by it contains some characterizing ingredient not contained in the offense under the State law." *Cotton v. City of Atlanta,* 10 Ga. App. 397 (1) (73 SE 683). See also *Hannah v. State,* 97 Ga. App. 188 (102 SE2d 624); *Trowbridge v. Dominy,* 92 Ga. App. 177 (88 SE2d 161); *Smith v. State,* 88 Ga. App. 749 (77 SE2d 764); *Sloan v. City of Moultrie,* 61 Ga. App. 885 (7 SE2d 760); *Alexander v. City of Atlanta,* 13 Ga. App. 354 (79 SE 177); *Dannie v. City of Atlanta,* 10 Ga. App. 471 (73 SE 684). The ordinance under which the defendant was convicted was accordingly void.

The Judge of the Superior Court of Washington County erred in overruling defendant's certiorari complaining of her conviction in the Recorder's Court of the City of Sandersville.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 22, 1964.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.