Wellington Gernade STEVISON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14671.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1969.

Rehearing Denied Feb. 14, 1969.

James I. Maxwell, Enid, for plaintiff in error.

Virgil Ball, Dist. Atty., Wesley R. McClanahan, Asst. Dist. Atty., Garfield County, for defendant in error.

BUSSEY, Judge.

Wellington Gernade Stevison, hereinafter referred to as defendant, was charged by Information in the Superior Court of Garfield County, Oklahoma, with the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, subsequent offense.

The defendant appeared before the court on August 19, 1967, for arraignment, at which time he waived the reading of the Information, stating that a preliminary hearing had been conducted prior thereto, and on the same day, entered a plea of not guilty. On September 14, 1967, the case was called for jury trial, at which time both the defendant and the State waived a jury. After jury was waived by both parties, the defendant, through his attorney, announced that he entered a plea of former jeopardy. Upon inquiry from the court as to what was the basis of the plea of former jeopardy, counsel for the defendant announced that on December 27, 1966, in the County Court of Garfield County, Case No. 9991, the defendant had entered a plea of guilty to a charge of public drunk, received therefor a fine of $25.00 and costs, which charge arose out of the same incident under which he is charged in the present case.

The Assistant District Attorney and the defense counsel thereupon engaged in an argument before the court as to whether or not a conviction for public drunk would bar a subsequent trial and conviction for driving under the influence of intoxicating liquor, subsequent offense, where both charges grew out of the same incident. At the conclusion of this argument, the court had this to say at pages 17–18 of the Casemade:

"All right, gentlemen. I feel, and I believe, and I think it is sound, and we have treated it through the years as such, that public drunk or just plain drunk, are misdemeanor charges, and are not a lesser included offense in the charge of DWI, operating an automobile while under the influence of intoxicating beverages. It is true that you may have

a DWI charge; as well as a public drunk charge, which is a misdemeanor, but is not a lesser included offense.

Let me further state what the public position is in this. That the applicability of available prosecution to curb unnecessary fatalities on our highways to meet the current challenge of today to put to a stop the high rate of traffic fatalities, many of which grow out of drunkenness and operating a vehicle under the influence of intoxicating beverages.

For all of these reasons, as well as some others that we mentioned, I believe that the plea of double jeopardy in this type of case, under the Oklahoma law, is not well taken, meaning that I must enter a ruling against such a plea and deny the same."

This ruling was excepted to by the defendant.

Thereafter the respective parties stipulated to the facts giving rise to the charge and to the prior convictions of the defendant, and the court summarized the same at pages 21–22 of the casemade in the following language:

"I have before me then the set of circumstances and facts that you have agreed to, and the man plead guilty to a public drunk charge and then was also charged with driving while under the influence of intoxicating liquor, and that he was driving a vehicle and was in control thereof.

The element of the charge of DWI has been shown, and the Court is going to find him guilty of the offense as charged on the first page of the Information. Likewise, you stipulated that the three prior convictions, as shown on the second page of the Information, are true and correct. Briefly they are: On August 8, 1952 the defendant entered a plea of guilty in the County Court to DWI, first offense, and was given a sentence of 20 days in the County Jail and received a fine of $150.00.

The second one was on the 7th day of February, 1956, the defendant appeared

in this Court, the Superior Court, and appeared before me, Judge Geo. Howard Wilson, in Case No. 291, and entered a plea of guilty to the charge of DWI, Second Offense, and the defendant was sentenced to two years in the State Penitentiary; however, the sentence at that time was suspended, and if my recollection serves me right, he did not spend any time in the penitentiary.

Then the third case was in the District Court, Case No. 3285, and that case was tried before a jury, and he was found guilty and sentenced to one year in the State Penitentiary of which the defendant just informed me that he served seven months and one day of that sentence in the penitentiary.

Now, I was advised in open court back in August, when we were setting this for jury trial, and in the event that this case would come to trial, either before the Court or before the jury, that these prior convictions, as stated in the Information, on the second page, are true and correct; and we now have also the stipulation to that effect.

Therefore, the Court finds that the charge of DWI is proven by the record and the stipulations, and accordingly, finds the defendant Wellington Gernade Stevison, guilty as charged in the Information with the offense of DWI, Subsequent Offense."

The defendant then gave notice in open court of his intention to file a Motion for New Trial and his intention to appeal the case. Said Motion for New Trial was overruled on September 21, 1967, and the defendant was sentenced to serve two and one-half years in the State Penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

On appeal, the defendant urges one assignment of error, that being that the trial court erred in its failure to sustain the defendant's plea of former jeopardy.

Since the question here presented is one of first impression in Oklahoma, a brief resume of the statutory and constitutional provisions should be beneficial in arriving at a determination of this issue.

Article 2, Section 21 of the Oklahoma Constitution, provides:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Title 22, O.S. § 14 provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted, except as hereinafter provided for new trials."

Title 22, O.S. § 522 provides:

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the same offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

Title 47, O.S. § 11–902, under which this prosecution was laid, provides, in pertinent part:

"(a) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within this state.

\* \* \* \* \* \*

(c) Every person who is convicted of a violation of this section shall be deemed guilty of a misdemeanor for the first offense and upon conviction thereof shall be punished by imprisonment in the county jail for a period of time not less than ten days nor more than one year, and a fine of not more than Five Hundred Dollars ($500.00). Any person

found guilty of a second or subsequent offense under the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of time not less than one year and not to exceed five years, and a fine of not more than One Thousand Dollars ($1,000.00). Laws 1961."

Title 37, O.S. § 8, under which the defendant was charged with Public Drunkenness in the County Court of Garfield County, provides:

"Any person who shall, in any public place, or in or upon any passenger coach, street car, or in or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station, or room, drink any intoxicating liquor of any kind, or if any person shall be drunk or intoxicated in any public or private road, or in any passenger coach, street car, or any public place or building, or at any public gathering or if any person shall be drunk or intoxicated and shall disturb the peace of any person, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than ten dollars, nor more than one hundred dollars, or by imprisonment for not less than five days nor more than thirty days, or by both such fine and imprisonment."

■ It is readily apparent from an examination of the constitutional and statutory provisions relating to former jeopardy, as set forth, that the constitutional provision relating to former jeopardy barred only a prosecution for the same offense, while the provisions of 22 O.S. § 522, broaden the constitutional provision and provides that an acquittal or conviction of any included offense, or attempt to commit the offense, bars a subsequent prosecution for the greater offense. This logically leads us to the consideration of whether Public Drunkenness is a necessary included offense of the offense of Operating a Mo-

tor Vehicle While Under the Influence of Intoxicating Liquor, or whether it constitutes an attempt to commit the same. We believe the answer to this proposition can only be in the negative, for the elements necessary to prove the offense of Public Drunkenness are not elements necessary to be proven for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, subsequent offense, for the reason that in order to prove the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, subsequent offense, the State need only establish that (1) the defendant operated a motor vehicle in the State of Oklahoma, (2) that while so operating the motor vehicle he was under the influence of intoxicating liquor, and (3) that he had been previously convicted for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in the State of Oklahoma. In order to prove the offense of Public Drunkenness, the State must prove (1) that the defendant was drunk or intoxicated, and (2) that while so drunk or intoxicated, he was in a public place within the State of Oklahoma. We believe this distinction is graphically illustrated by this Court's 1956 decision in King v. State, Okl.Cr.App., 305 P.2d 589, wherein the following language was used in Syllabus 2:

"In order to convict an accused charged with 'operating a motor vehicle upon a public highway while under the influence of intoxicating liquor' it is not required that the jury find that the accused was intoxicated or drunk, but only that such driver be 'under the influence of intoxicating liquor' * * *."

Under the statutes in effect at that time (47 O.S. § 93), it was necessary to establish that (1) the defendant was under the influence of intoxicating liquor, and (2) that he operated the motor vehicle

"on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct,

trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State * * *"

Title 47, O.S. § 11–902, enacted in 1961, eliminated the necessity of proving that the motor vehicle be driven in the public places described in 47 O.S. § 93, supra, and required only that the vehicle be driven in the State.

In the light of the constitutional and statutory provisions, supra, we are of the opinion that the prosecution in the instant case was not barred by the plea of guilty entered to the offense of Public Drunkenness. In the absence of statutes, we could have arrived at the same conclusion by following the views of the majority of jurisdictions who have dealt with the identical questions. Illustrative of the majority views are the opinions of Tibbs v. State, 89 Ga.App. 716, 80 S.E.2d 834, and Reese v. State, 89 Ind.App. 378, 165 N.E. 780. In the Tibbs case, supra, in the body of the opinion, the Georgia Court held:

"Under this court's ruling in Smith v. State, 88 Ga.App. 749, 77 S.E.2d 764, the offense of public drunkenness is a separate and distinct offense from the offense of operating a motor vehicle while under the influence of intoxicants, and a conviction or acquittal of the one will not serve as a bar to a prosecution of the other. It is immaterial, under the circumstances of this case, that the two offenses grew out of the same transaction. * * *"

In Reese v. State, supra, the Indiana Court used the following language:

"We cannot concur in appellant's contention. The offense for which he paid his fine was complete when he appeared in a public place in a state of intoxication; the other offense was not complete until, being in such condition, he drove his automobile on the public highway—an act which from its very nature could but endanger the lives of others traveling upon such highway. These offenses, under our statute, are separate and distinct, and a conviction of one is no bar to a conviction for the other."

In arriving at this conclusion we do not condone the "double rapping" of persons arrested for operating a motor vehicle while under the influence of intoxicating liquor. The statutes of this state provide for a wide range of punishment for both the first offense and the second and subsequent offense, and it would appear that within the range of punishment provided by law, authorizing imprisonment and fines, the judge or jury could mete out sufficient punishment under 47 O.S. § 11–902 without the necessity of burdening the courts by filing a charge of Public Drunkenness which carries a relatively small punishment.

In accordance with the statutes, the constitution, and authorities above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.