**1334**

Randall B. WALLACE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–16489.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1973.

Larry Sizemore, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

Appellant, Randall B. Wallace, hereafter referred to as defendant, was tried by a jury and convicted in the District Court of Oklahoma County, Oklahoma, Case No. CRM–70–59, on November 2, 1970, for the misdemeanor offense of "being in actual physical control of an automobile while under the influence of intoxicating liquor." He was sentenced to serve ten (10) days in the county jail, and pay a fine of ten dollars ($10.00). Judgment and sentence was imposed on November 13, 1970, from which this appeal was perfected.

Defendant was arrested about 4:00 P.M. on January 17, 1970, while sitting in a slumped position in his automobile at a street intersection stop sign in Midwest City, Oklahoma. He was sitting under the steering wheel with his headlights on and the motor running; and he had a bottle of seven-up in his lap between his legs. After one car pulled around defendant's car, the Midwest City Police Car pulled up behind him. The officer got out of his police vehicle, approached defendant's car, and concluded that defendant was under the influence of intoxicating liquor. Defendant was taken to the Midwest City Police Station where he was booked into jail on charges of "Public Drunk," "Being in

Actual Physical Control of an Automobile While Under the Influence of Intoxicating Liquor," and "Driving While Under the Influence of Intoxicating Liquor." No tests were given the defendant to determine the degree of intoxication, if any, he might have been under.

The State offered the testimony of only one witness, Officer Pratt of the Midwest City Police Department, who made the arrest of defendant. On cross-examination the following questions and answers appear at pages 14 and 15 of the transcript of testimony:

"Q. Now let me ask you if you did not appear as a witness at the Municipal Court of Midwest City on this very charge, the things that you have charged Mr. Wallace with as a result of this arrest; do you recall that?

"A. What charge?

"Q. This charge that you made here as a result of this arrest of having him in the automobile and soforth, as a result of this arrest did you not appear as a witness against him before the Municipal Court of Midwest City?

"A. Yes, sir.

"Q. And what was the charge that you gave your evidence on?

"A. Public Drunk?

"Q. It was a charge of public drunk and you gave the evidence then, *the same evidence* there as you are giving today? (Emphasis added.)

"A. Yes.

"Q. . . . Is this the only time you arrested him?

"A. Yes, sir.

"Q. Do you recall or have you had an opportunity to find out the court's ruling based upon that hearing before the Municipal Court of Midwest City?

"A. The Ruling?

"Q. Yes.

"A. At the end of the—

"Q. The court, at that time, made no ruling but he took it under advisement and made a ruling later on. Have you had an opportunity to learn what the Court's ruling was?

"A. It was *not guilty*. (Emphasis added.)

■ Defendant argues his appeal under two propositions. The first one asserts that because of the earlier trial—in which he was found not guilty on the public drunk charge—in the Municipal Court of Midwest City, the present conviction violates his rights under the Fifth and Fourteenth Amendments to the United States Constitution, and subjects him to double jeopardy. This proposition is premised upon the fact that both charges arose out of the same incident, and were premised upon the same identical testimony. Coupled with the former jeopardy contention, defendant argues under this proposition the theory of "collateral estoppel."

In support of his former jeopardy contention, defendant cites Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); and to principally support the contention of collateral estoppel, defendant refers to the Supreme Court decision in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

■ The Attorney General argues in his brief that the defendant waived his right to the defense of former jeopardy. This argument is apparently based upon the failure of the record to reflect that a plea of "former jeopardy" was entered, as provided for in 22 O.S.1971, § 515. The court minutes were not included with the original record filed with the appeal. However, the original record contains defendant's motion to dismiss which was filed and argued at the preliminary examination; and after the motion was denied by the Special Judge, defendant filed another motion to dismiss before the Honorable Clarence Mills, who denied the same on the basis of this Court's decision in Stevison v. State, Okl.Cr., 449 P.2d 916 (1969),

which was decided prior to the United States Supreme Court decisions, supra. Consequently, we cannot say that the defendant waived his right to the defense of former jeopardy, because there is a positive showing in the record that he presented the matter of former jeopardy to the court for consideration, but was unsuccessful.

A distinction exists between the facts of the instant case and those found in Stevison v. State, supra, which gives some verity to defendant's contention of "collateral estoppel." In *Stevison,* supra, a plea of guilty to the charge of public drunk was entered in what appeared to be a means of avoiding the greater charge of driving while under the influence of intoxicants. However, in defendant's case under consideration, the Municipal Court of Midwest City made an earlier finding of "Not Guilty" to the charge of "Public Drunk," which arose out of the same incident. Consequently, in the instant case, with all the facts being the same, one is left to question: How can a person be found guilty of being in actual physical control of a vehicle while under the influence of intoxicants, after having already been found not guilty of being drunk in public in the Municipal Court of Midwest City? In Ashe v. Swenson, supra, the United States Supreme Court provided the explanation of collateral estoppel thusly:

"'Collateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

The second paragraph of the syllabus to Waller v. Florida, supra, states:

"A state trial for grand larceny, based on the same acts as earlier municipal court conviction for the lesser included offenses of destruction of city property and disorderly breach of the peace, constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution." See also: Williamson v. State, Okl.Cr., 474 P.2d 139 (1970).

We are therefore left to conclude—under the facts of the instant case—that defendant's contention of "double jeopardy" was valid; and that his conviction in the District Court of Oklahoma County, Oklahoma, Case No. CRM–70–59, must be reversed and remanded with instructions to dismiss.

It is so ordered.

BLISS, P. J., concurs.

BUSSEY, J., specially concurring.

BUSSEY, Judge (specially concurring):

Under the particular facts in the instant case, I am of the opinion that defendant's issue of double jeopardy should be sustained. I do not, however, believe that the doctrine of collateral estoppel has any bearing in the instant case for the reason that Public Drunkenness requires a higher degree of intoxication than the offense of Being in Actual Physical Control of an Automobile While Under the Influence of Intoxicating Liquor. Had the situation been reversed, however, and the defendant acquitted on the charge of Being in Actual Physical Control of an Automobile While Under the Influence of Intoxicating Liquor, he could not, thereafter, been convicted of Public Drunkenness under the doctrine of collateral estoppel. This case is clearly distinguishable from our decision in Stevison v. State, Okl.Cr., 449 P.2d 916 (1969), and does not, in my opinion, overrule the same.